PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

KALPANA SRINIVASAN (237460)
OLEG ELKHUNOVICH (269238)
MICHAEL ADAMSON (*Pro hac vice*
forthcoming)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com
madamson@susmangodfrey.com

IAN B. CROSBY (*Pro hac vice* forthcoming)
SUSMAN GODFREY L.L.P.
1201 Third Avenue
Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3800
Facsimile:  (206) 516-3883
icrosby@susmangodfrey.com

*Attorneys for Defendant*
BITDEFENDER INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BITDEFENDER INC., a Florida Corporation, and BITDEFENDER S.R.L., a Romanian Corporation,<br><br>Defendant. | Case No.: 4:17-cv-04790-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:          November 21, 2017<br>Time:         2:00 p.m.<br>Location:    Courtroom 2, 4th Floor<br><br>Date Complaint Filed: August 16, 2017<br><br>Trial Date:  None Set |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Judge Gilliam's Standing Order re Civil Cases and the September 5, 2017 Clerk's Notice Setting Case Management Conference For Reassigned Civil Case (Dkt. No. 10), the parties to the above-titled action, Plaintiff Finjan, Inc. ("Finjan") and Defendant Bitdefender Inc. ("Defendant" or "Bitdefender"), jointly submit this Case Management Statement and Proposed Order.

**1.      Jurisdiction and Service**

This is an action for patent infringement arising under 35 U.S.C. § 101 *et seq.*  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

Finjan believes that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).  Bitdefender does not contest that venue is proper in this Court.

**2.      Facts**

Finjan filed its original complaint (the "Complaint") in this action on August 16, 2017.  Finjan alleges that Bitdefender directly infringes U.S. Patent Nos. 6,804,780 ("the '780 Patent"); 7,930,299 ("the '299 Patent"); 8,141,154 ("the '154 Patent"); and 8,677,494 ("the '494 Patent") (collectively the "Patents-in-Suit") by making, using, selling, offering for sale and/or importing its antivirus, cloud, cloud-scanning, and sandboxing technologies, including: B-HAVE; Advanced Threat Control (ATC); Search Advisor; Total Security; Family Pack; Internet Security; Antivirus Plus; Security for XP and Vista; Antivirus for Mac; Mobile Security; GravityZone Enterprise Security (for Virtualized Environments, Endpoints, Mobiles, Exchange); GravityZone Elite Security; GravityZone Advanced Business Security; GravityZone Business Security; Hypervisor Introspection; Security for AWS; Cloud Security for MSP; and GravityZone for xSP (collectively, the "Accused Products").

Finjan additionally alleges that Bitdefender induces infringement of the '780 Patent, the '299 Patent, and the '494 Patent by instructing, directing, and/or requiring others to perform all or some of the steps of method claims of the Patents-in-Suit.  Finjan further alleges that Bitdefender's infringement is willful.  Finjan contends it holds all rights, title, and interest in the Patents-in-Suit.

JOINT CASE MANAGEMENT STATEMENT                         Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

Finjan seeks damages and injunctive relief for the alleged infringement, as well as a finding that this case is exceptional.

Bitdefender denies Finjan's infringement claims as to all of the asserted patents.  Bitdefender further expects to assert that the Patents-in-Suit are invalid.  Bitdefender is also investigating numerous other defenses.

Counsel for Bitdefender contacted Finjan on October 23, 2017, requesting a thirty-day extension of the time for Bitdefender to respond to the Complaint.  Finjan granted the request and requested that counsel confirm whether it can accept service of the complaint on behalf of Bitdefender S.R.L, which Finjan understands is the parent company to Bitdefender Inc.  On October 24, 2017, the parties filed a stipulation to extend the time for Bitdefender to respond to the Complaint until November 23, 2017.  Dkt. No. 17.  The Court granted that extension on October 25, 2017.  Dkt. No. 18.  Bitdefender's answer is due on November 23, 2017. Bitdefender has informed Finjan that Bitdefender S.R.L. does not authorize Bitdefender's counsel to accept service on Bitdefender S.R.L.'s behalf.  Finjan notes Federal Rule of Civil Procedure 4 regarding service of a foreign entity.

### 3.    Legal Issues

The principal disputed legal issues are:

- The proper construction of any disputed claim terms;

- Whether Bitdefender infringes any or all of the Patents-in-Suit, either directly (35 U.S.C. § 271(a)) or indirectly (35 U.S.C. § 271(b));

- Whether Finjan is entitled to damages as a result of the alleged infringement of any or all of the Patents-in-Suit, and if so, the amount (35 U.S.C. § 284);

- Whether Finjan is entitled to injunctive relief to prevent alleged irreparable harm as a result of the alleged continuing infringement of any or all of the Patents-in-Suit (35 U.S.C. § 283);

- Whether Bitdefender's alleged infringement is willful;

- Whether this case is exceptional (35 U.S.C. § 285);

- Whether any or all claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, 112 and/or 116; and

- Whether Finjan's claims are barred, in whole or in part, by various equitable and legal defenses that Bitdefender plans to allege.

JOINT CASE MANAGEMENT STATEMENT                    Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

**4.     Motions and/or Pending Matters**

(a)     Pending Motions

There are no currently pending motions.

(b)     Anticipated Motions

Finjan and Bitdefender anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate, as the case progresses.

**5.     Amendment of Pleadings**

The parties agree that the deadline for joining parties and amending the pleadings that do not impact case deadlines in Appendix A without leave of Court should be February 15, 2018, and that otherwise the parties may only amend the pleadings upon a showing of good cause, or upon being granted leave to amend by the Court.

**6.     Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation.  Additionally, the parties have met and conferred regarding evidence preservation.  Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.  Further agreement regarding ESI preservation will be addressed in the parties' Stipulated Order Regarding Discovery of ESI ("ESI Order").

**7.     Initial Disclosures**

The parties agree to exchange initial disclosures pursuant to Rule 26(a) on November 27, 2017.

**8.     Discovery**

No discovery has been taken to date.  Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan:

JOINT CASE MANAGEMENT STATEMENT                    Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

**(a)     Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

As noted above, the parties agree to exchange initial disclosures pursuant to Rule 26(a) on November 27, 2017.  The parties' proposals regarding the timing for expert disclosures under Rule 26(a)(2) and pretrial disclosures under Rule 26(a)(3) are set forth in the proposed schedule at Section 17 (Appendix A) below.

**(b)     Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters.  The parties' proposals regarding when discovery should be completed are set forth in the proposed schedule in Section 17 (Appendix A) below.

**(c)     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties discussed discovery of ESI during their Rule 26(f) conference.  The parties intend to file a proposed stipulated ESI Order to address discovery of ESI, including the particular topics set forth in the Northern District of California's Guidelines for the Discovery of ESI and Checklist for Rule 26(f) Meet and Confer Regarding ESI.  The parties will continue to meet and confer in good faith to reach agreement on the terms of the ESI Order and will advise the Court if they are unable to resolve any disputed issues.  The parties intend to file the stipulated ESI Order (with competing provisions if necessary) by December 15, 2017.

**(d)     Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.**

Finjan proposes that neither party will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the August 16,

2017 filing date of the Complaint.  Bitdefender, on the other hand, proposes that neither party will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after September 18, 2015, the date Bitdefender asserts that Finjan and Bitdefender S.R.L began initial discussions regarding the Patents-in-Suit.  Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502, and the Protective Order and/or ESI Order to be entered in this action.

**(e)      Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

To the extent not limited below, and unless otherwise agreed to by the parties, the parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure, Local Rules of this Court, and the ESI Order and Protective Order to be entered in this action.  If a party requests discovery that exceeds any of the limitations set forth below, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention of the Court.  If the parties are unable to reach agreement, a party may seek leave from the Court for the additional discovery.

**(i)      <u>Requests for Production of Documents and Things</u>**

The parties agree that there is no limit on the number of requests for production of documents and things that each side may serve, consistent with the Federal Rules of Civil Procedure.

**(ii)      <u>Interrogatories</u>**

The parties agree that Finjan can serve a total of 10 joint interrogatories on Defendants Bitdefender and Bitdefender S.R.L., together.  The parties further agree that, in addition to the 10 joint interrogatories just mentioned, Finjan can also serve a total of 15 individual interrogatories on either Bitdefender Inc. or on Bitdefender S.R.L.  The total number of interrogatories served by Finjan on Defendants (joint or individual) shall not exceed 25.

Similarly, the parties agree that Defendants Bitdefender Inc. and Bitdefender S.R.L., together, can serve a total of 10 joint interrogatories on Finjan.  The parties further agree that, in addition to the 10 joint interrogatories just mentioned, either Bitdefender Inc. or Bitdefender S.R.L can serve a total of

JOINT CASE MANAGEMENT STATEMENT                                    Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

15 individual interrogatories on Finjan.  The total number of interrogatories served on Finjan by Defendants (joint or individual) shall not exceed 25.

**(iii)**     **Request for Admissions**

Finjan proposes that each side may serve up to 50 requests for admission and Bitdefender proposes that each side may serve up to 20 requests for admission.  The parties agree that requests for admission related to the authentication of documents are exempt from this limitation.

**(iv)**     **Depositions**

*Fact Depositions:*

The parties agree that individual depositions will be subject to the limits contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Finjan's Proposal:**

Notwithstanding the preceding sentence, and given the fact that many of Bitdefender's key witnesses are Romanian, Finjan proposes that individual depositions requiring an interpreter will count as half-time for any total deposition time limits and that depositions requiring an interpreter may carry over for two days, with no more than 7 hours of deposition time each day.  Finjan further proposes that the 7 hours total per witness limit does not apply to Rule 30(b)(6) witnesses, but that each deposition day for a Rule 30(b)(6) witnesses will still be limited to 7 hours, and a single 30(b)(6) notice with up to 15 topics will count as a single deposition.

**Bitdefender's Proposal:**

If good cause exists for additional time for a given deposition, the parties may reach an agreement to provide additional time on a case-by-case basis.

*Expert Depositions:*

The parties agree that an expert witness may be deposed for up to 7 hours for each primary issue (e.g., infringement, invalidity) on which that expert has provided an opinion.  Thus, if an expert provides an opinion regarding infringement as well as an opinion regarding invalidity, then that expert may be deposed for up to 7 hours regarding infringement and for up to 7 hours regarding invalidity, for a maximum total of 14 hours of deposition time.

JOINT CASE MANAGEMENT STATEMENT       Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

**(f)     Protective Order**

The parties will be producing confidential information requiring entry of a protective order in this action.  Any confidential information produced prior to entry of a protective order is subject to the Northern District of California model protective order for litigation involving patents (pursuant to Patent Local Rule 2-2).  The parties intend to meet and confer in good faith to reach agreement on the terms of a stipulated Protective Order, taking into consideration the Northern District of California model protective order for litigation involving patents, and will advise the Court if they are unable to resolve any disputed issues.  The parties intend to file the stipulated Protective Order (with competing provisions if necessary) by December 15, 2017.

**(g)     Discovery from Experts**

The parties agree that the Federal Rules of Civil Procedure (*e.g.*, Rule 26(b)(4)) and the Local Rules of this Court govern discovery from experts in this case.

**(h)     Service**

The parties agree that service via email is acceptable pursuant to Rule 5(b)(2)(E).

**9.     Class Actions**

Not applicable.

**10.     Related Pending Cases**

Information concerning other pending litigations involving the Patents-in-Suit is provided at Appendix B.

**11.     Relief**

Finjan seeks entry of judgment finding that Bitdefender has infringed and is infringing the Patents-in-Suit.  Finjan also seeks injunctive relief, including an injunction against Bitdefender from infringing the Patents-in-Suit.  Finjan also seeks monetary damages, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty.  Finjan further seeks a finding that Bitdefender has willfully infringed the Patents-in-Suit and all damages-related remedies available to Finjan for Bitdefender's willful infringement.  Finjan further seeks a judgment that this case is exceptional and an award of Finjan's costs and reasonable attorneys' fees.  Finjan also seeks an

JOINT CASE MANAGEMENT STATEMENT                    Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

accounting of all sales and revenues, together with pre-judgment and post-judgment interest.  Finjan seeks any other relief available under applicable law.

Bitdefender seeks an entry of judgment finding that Bitdefender has not infringed, and is not infringing the Patents-in-Suit.  Bitdefender also expects to seek declarations that the claims of the Patents-in-Suit are invalid; that Bitdefender has not infringed the Patents-in-Suit; and that this case is exceptional, such that Bitdefender should receive an award of its costs, expenses, and attorney's fees incurred in this action.  Finally, Bitdefender expects to seek such other and further relief as the court may deem just and proper.

### 12.    Settlement and ADR

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure. The parties have chosen mediation as the ADR process for this case pursuant to ADR L.R. 6, as set forth in their stipulation submitted on October 30, 2017 (Dkt. No. 20) and ordered by the Court on October 30, 2017 (Dkt. No. 21).

### 13.    Consent to Magistrate Judge

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14.    Other references

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15.    Narrowing of Issues

Subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts.  In addition, in order to streamline "the issues in this case to promote a 'just, speedy, and inexpensive determination' of this action, as provided by Federal Rule of Civil Procedure 1," the parties propose the following phased limits on asserted claims and invalidity theories:

8

JOINT CASE MANAGEMENT STATEMENT                           Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

Not later than 14 days after the Initial Case Management Conference, Finjan will serve a Disclosure of Asserted Claims and Infringement Contentions and accompanying documents in accordance with Patent Local Rules 3-1 and 3-2.

On November 9, 2017, Bitdefender requested that Finjan agree to produce all invalidity contentions, non-confidential infringement contentions, invalidity and validity reports, patent inventor depositions, and its own responses to written discovery from any other litigation asserting any of the Patents-in-Suit or any related patents. Finjan declined to deviate from the Patent Local Rules in this regard on November 13, 2017, so Bitdefender plans to serve requests for production of documents to obtain those documents.

The parties agree that not later than 45 days after Bitdefender is required to provide invalidity contentions pursuant to Patent Local Rule 3-3 and produce documents sufficient to show the operation of the accused instrumentalities pursuant to Patent Local Rule 3-4, Finjan shall serve a Preliminary Election of Asserted Claims, which shall assert from claims previously asserted in its Infringement Contentions no more than 10 claims from each patent and not more than a total of 40 claims across all Patents-in-Suit.

Not later than 14 days after service of the Preliminary Election of Asserted Claims, Bitdefender shall serve a Preliminary Election of Asserted Prior Art, which shall assert from invalidity theories previously asserted in its Invalidity Contentions no more than 10 invalidity theories against each patent and not more than a total of 40 invalidity theories (anticipatory and/or obviousness combinations) across all Patents-in-Suit. A single anticipation theory is a single reference being asserted for a specific patent. A single obviousness theory is a specific combination of references for a specific patent. A specific combination of references for a single obviousness theory shall not be changed or revised for subsequent election of asserted prior art. For example, if the obviousness combination A, B, C and D is identified as a single obviousness theory in an election, it may not be changed or revised to the combination A, B and C in a subsequent election, as this would constitute a new obviousness theory. Also, in identifying invalidity theories in an election, the patent that a specific invalidity theory applies to must be identified. Invalidity theories that consist of the same reference(s) asserted against

JOINT CASE MANAGEMENT STATEMENT                    Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

different patents count as separate invalidity theories.  For example, if a particular reference is identified as anticipating two separate patents, this would count as two invalidity theories.

Not later than 28 days after the Court enters its Claim Construction Order, Finjan shall serve a Final Election of Asserted Claims, which shall identify from the subset of claims previously identified no more than 5 asserted claims per patent and no more than a total of 16 claims across all Patents-in-Suit. Not later than 14 days after service of a Final Election of Asserted Claims, Bitdefender shall serve a Final Election of Asserted Prior Art, which shall identify from the subset of invalidity theories previously identified no more than 5 asserted invalidity theories per patent and no more than a total of 16 invalidity theories (anticipatory and/or obviousness combinations) across all Patents-in-Suit.

Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify the above limits on asserted claims and prior art references for good cause shown.  Any request to increase these limits must specifically show why the inclusion of additional asserted claims or prior art references is warranted.  *See In re Katz Interactive Call Processing Patent Litig*., 639 F.3d 1303, 1312–13 (Fed. Cir. 2011).  A failure to seek such a modification will constitute acquiescence to the above limits on asserted claims and prior art references.

### 16.   Expedited Trial Procedure

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64 Attachment A.

### 17.   Scheduling

The parties' scheduling proposals are set forth in the chart attached hereto as Appendix A.

### 18.   Trial

The parties have requested trial by jury.  The parties expect that the trial will require approximately 10 court days.

### 19.   Disclosure of Non-party Interested Entities or Persons.

The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-16.

Finjan certifies that the following listed persons, associations of persons, firms, partnerships,

JOINT CASE MANAGEMENT STATEMENT                    Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Finjan, Inc. is a wholly owned subsidiary of Finjan Holdings, Inc.  Additionally, CybeRisk Security Solutions, Inc. and Finjan Mobile, Inc. are also wholly owned subsidiaries of Finjan Holdings, Inc.  No other entities have a financial interest in the subject matter in controversy or Finjan, Inc., or a non-financial interest in that subject matter or Finjan, Inc. that could be substantially affected by the outcome of this proceeding.

Bitdefender certifies that it is a wholly owned subsidiary of Bitdefender Holding B.V. Bitdefender Holding B.V., as Bitdefender's parent corporation, has an interest that could be affected by the outcome of the proceeding.

**20.    Professional Conduct**

The attorneys of record confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the following additional matters:

**(1)    Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

The parties do not propose any modifications to the obligations or deadlines set forth in the Patent Local Rules.

**(2)    The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the court) and damages discovery**

The parties' proposed schedule (Section 17, Appendix A) addresses timing of fact discovery (including damages discovery), as well as the timing of claim construction and damages-related disclosures and discovery required under the Patent Local Rules.  The parties do not currently anticipate a need to limit the scope of such discovery.

JOINT CASE MANAGEMENT STATEMENT                    Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

**(3)      The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing**

The parties note that the Court's Patent Standing Order generally allows each party to present its argument on claim construction for 90 minutes.  The parties agree that the presentation of argument at the hearing should be in the manner and order that the Court prefers to address the issues, particularly given the nature of the Patents-in-Suit, the technology involved, and the number and nature of claim terms that remain in dispute at the time of the hearing.  The parties anticipate that they may seek to present live expert witness testimony at the claim-construction hearing and any tutorial.

**(4)      How the parties intend to educate the court on the technology at issue**

The parties propose providing the Court with a tutorial regarding the technology at issue prior to the claim-construction hearing.  The parties note that the Court's Patent Standing Order generally permits each side to present summary and explanation of 45 minutes each.

**(5)      Non-binding, good-faith estimate of the damages range**

Pursuant to Patent Local Rule 2-1(b), Finjan makes the following statement:

Finjan seeks all damages to which it is entitled under U.S. patent laws, including 35 U.S.C. § 284, arising from Defendant's infringement.  Finjan seeks damages in an amount adequate to compensate for Defendant's infringement, which includes, but is not limited to, no less than a reasonable royalty for the manufacture, use, offer for sale, sale, and/or importation of the invention.  A non-binding, good-faith estimate of the reasonable royalty range expected for the case is between approximately $40 million and $60 million.  This non-binding estimate is based on a range of factors and the information available to Finjan, including when Finjan put Bitdefender on notice of the Asserted Patents, the different expiration dates for the Asserted Patents, the publicly available information regarding Bitdefender's revenues and extent of use for the Accused Products, Finjan's established licensing practices and royalty rates applied to a royalty base, the benefits and advantages of Finjan's patented technology, and convoyed sales of Bitdefender.[1]  Finjan also seeks interest and costs fixed by the Court,

---

[1] Finjan anticipates that additional confidential information from Bitdefender, such as specific revenue data, estimated profits, the number of users of Bitdefender products, the number of scans and lookups

JOINT CASE MANAGEMENT STATEMENT                            Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

1   as well as an accounting of all infringing sales and revenues by Defendant.  Finjan also seeks an award

2   of attorneys' fees, expenses, and costs associated with the present action under 35 U.S.C. § 285, as well

3   as enhanced damages under 35 U.S.C. § 284.  Such fees, costs, and expenses cannot be computed at the

4   present time and depend on a variety of factors, such as the length and intensity of the litigation and the

5   positions that Defendant takes.

6           Pursuant to Patent Local Rule 2-1(b), Bitdefender makes the following statement: Bitdefender

7   contends that Finjan is not entitled to damages as the asserted patents are not infringed and/or are

8   invalid.  Bitdefender further maintains that Finjan vastly overstates the damages it could properly pursue

9   in this case.  Bitdefender observes that the damages Finjan seeks are not commensurate with damages

10  claims from other defendants accused of broader infringement involving more products.  Bitdefender

11  also disputes that the Finjan patents provide great benefits to Bitdefender's products and services, which

12  include functionality irrelevant to the functionality that appears to be the basis of Finjan's infringement

13  allegations.  Bitdefender intends to pursue discovery from Finjan and third parties regarding facts

14  relevant to any claims of purported value associated with the patented technology and its economic

15  benefits.  Bitdefender intends to present expert opinions on both the technological and economic issues

16  raised by Finjan as to the purported value of its patents and claimed royalties.

17

18

19

20

21

22

23

24

25

26

---

27  performed, and other confidential financial and technical information from Bitdefender will also
    inform Finjan's damages for infringement.

28

JOINT CASE MANAGEMENT STATEMENT                    Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

Respectfully submitted,

DATED:  November 14, 2017          By: /s/ Lisa Kobialka
                                        Paul Andre (State Bar. No. 196585)
                                        Lisa Kobialka (State Bar No. 191404)
                                        James Hannah (State Bar No. 237978)
                                        KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                        990 Marsh Road
                                        Menlo Park, CA  94025
                                        Telephone: (650) 752-1700
                                        Facsimile: (650) 752-1800
                                        pandre@kramerlevin.com
                                        lkobialka@kramerlevin.com
                                        jhannah@kramerlevin.com

                                        Attorneys for Plaintiff
                                        FINJAN, INC.


Respectfully submitted,

DATED:  November 14, 2017          By: /s/ Kalpana Srinivasan
                                        KALPANA SRINIVASAN (237460)
                                        OLEG ELKHUNOVICH (269238)
                                        MICHAEL ADAMSON (*Pro hac vice*
                                        forthcoming)
                                        SUSMAN GODFREY L.L.P.
                                        1901 Avenue of the Stars, Suite 950
                                        Los Angeles, California  90067-6029
                                        Telephone:  (310) 789-3100
                                        Facsimile:  (310) 789-3150
                                        ksrinivasan@susmangodfrey.com
                                        oelkhunovich@susmangodfrey.com
                                        madamson@susmangodfrey.com

                                        IAN B. CROSBY (*Pro hac vice* forthcoming)
                                        SUSMAN GODFREY L.L.P.
                                        1201 Third Avenue
                                        Suite 3800
                                        Seattle, Washington 98101-3000
                                        Telephone:  (206) 516-3800
                                        Facsimile:  (206) 516-3883
                                        icrosby@susmangodfrey.com

                                        Attorneys for Defendant
                                        BITDEFENDER INC.

JOINT CASE MANAGEMENT STATEMENT                    Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

1

## **ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By: */s/ Lisa Kobialka*
Lisa Kobialka

JOINT CASE MANAGEMENT STATEMENT                    Case No.: 4:17-cv-04790-HSG
& [PROPOSED] ORDER

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and the parties shall comply with its provisions.

**IT IS SO ORDERED.**


Dated:  November __, 2017

_____
UNITED STATES DISTRICT JUDGE
THE HONORABLE HAYWOOD S. GILLIAM, JR.

JOINT CASE MANAGEMENT STATEMENT
& [PROPOSED] ORDER

Case No.: 4:17-cv-04790-HSG

**Appendix A:**
**Proposed Case Schedule**

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline |
|---|---|---|
| Initial Disclosures | Rule 26(a)(1) | Tuesday, November 14, 2017 |
| Initial Case Management Conference | Dkt. No. 10 | Tuesday, November 21, 2017 |
| Disclosure of Asserted Claims and Infringement Contentions; Document Production Accompanying Disclosure | Pat. L.R. 3-1, 3-2 Not later than 14 days after the Initial Case Management Conference | Tuesday, December 5, 2017 |
| Protective Order and ESI Order | | Friday, December 15, 2017 |
| Invalidity Contentions; Document Production Accompanying Invalidity Contentions | Pat. L.R. 3-3, 3-4 Not later than 45 days after service of the Infringement Contentions | Friday, January 19, 2018 |
| Exchange of Proposed Terms for Construction | Pat. L.R. 4-1 Not later than 14 days after service of the Invalidity Contentions | Friday, February 2, 2018 |
| Last day to join parties or amend the pleadings without leave of Court per Section 5 above | | Thursday, February 15, 2018 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | Pat. L.R. 4-2 Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1 | Friday, February 23, 2018 |
| Damages Contentions | Pat. L.R. 3-8 Not later than 50 days after service of the Invalidity Contentions | Monday, March 12, 2018 |
| Joint Claim Construction and Prehearing Statement | Pat. L.R. 4-3 Not later than 60 days after service of the Invalidity Contentions | Thursday, March 22, 2018 |
| Responsive Damages Contentions | Pat. L.R. 3-9 Not later than 30 days after service of the Damages Contentions | Wednesday, April 11, 2018 |

i

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline |
|---|---|---|
| Completion of Claim Construction Discovery | Pat. L.R. 4-4 Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement | Monday, April 23, 2018 |
| Claim Construction Briefs – opening brief | Pat. L.R. 4-5(a) Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement | Friday, May 4, 2018 |
| Claim Construction Briefs – responsive brief | Pat. L.R. 4-5(b) Not later than 14 days after service of an opening brief | Friday, May 18, 2018 |
| Claim Construction Briefs – reply brief | Pat. L.R. 4-5(c) Not later than 7 days after service of a responsive brief | Friday, May 25, 2018 |
| Claim Construction Tutorial | Pat. L.R. 4-6 | Thursday, June 7, 2018 (subject to the convenience of the Court's calendar) |
| Claim Construction Hearing | Pat. L.R. 4-6 Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c) | Thursday, June 7, 2018 (subject to the convenience of the Court's calendar) |
| Close of fact discovery | | Thursday, October 18, 2018 |
| Opening expert reports | | Friday, December 14, 2018 |
| Rebuttal expert reports | | Friday, January 11, 2018 |
| Close of expert discovery | | Friday, March 15, 2019 |
| Opening summary judgment briefs | | Friday, March 22, 2019 |
| Responsive summary judgment briefs | | Friday, April 12, 2019 |
| Reply summary judgment briefs | | Friday, April 19, 2019 |
| Summary judgment hearings | | Thursday, May 2, 2019 (subject to the convenience of the Court's calendar) |

ii

APPENDICES TO JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

Case No.: 4:17-cv-04790-HSG

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline |
|---|---|---|
| Final Pretrial Conference | | Tuesday, July 23, 2019 |
| Trial | | Monday, August 5, 2019 (subject to the convenience of the Court's calendar) |

APPENDICES TO JOINT CASE MANAGEMENT                    Case No.: 4:17-cv-04790-HSG
STATEMENT & [PROPOSED] ORDER

**Appendix B:**
**Finjan's Statement Regarding Its Pending Cases**

On July 7, 2015, Finjan filed a lawsuit against Blue Coat Systems, Inc. ("Blue Coat") in this district (Case No. 15-cv-03295-BLF) and filed an amended complaint on March 1, 2016, alleging that Blue Coat infringes one of the four patents asserted against Bitdefender in the instant lawsuit, *i.e.*, the '494 Patent, along with additional patents.  Trial against Blue Coat began on October 31, 2017, and is currently in progress before the Honorable Beth Labson Freeman.  Blue Coat filed a total of 16 IPR petitions, including motions for joinder to petitions filed by other parties.  Blue Coat filed a petition and motion for joinder to *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00165, regarding the '780 Patent.  The PTAB denied institution of the IPR.  Blue Coat filed a petition and motion for joinder to *Symantec Corp. v. Finjan, Inc.*, IPR2015-01892, regarding the '494 Patent.  The PTAB granted institution, and on March 15, 2017, the PTAB issued a final written decision stating that claims 5, 10, 11, 14, and 15 have not been shown to be unpatentable and that claims 1, 2, and 6 were shown to be unpatentable.  The IPR has been appealed to the Federal Circuit by the parties, which is currently pending.  Blue Coat also filed a petition and motion for joinder to *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00159, concerning the '494 Patent.  The PTAB instituted this IPR and on April 11, 2017, the PTAB issued a final written decision stating that claims 3 – 5 and 10 – 15 of the '494 Patent have not been shown to be unpatentable, and that claims 1, 2, and 6 have been shown to be unpatentable.  The IPR has been appealed to the Federal Circuit, which is currently pending.  Blue Coat also filed its own petition for IPR regarding the '494 Patent (IPR2016-01443).  On January 23, 2017, the PTAB denied institution of IPR on all of the challenged claims.

On June 30, 2014, Finjan filed a complaint against Symantec Corp. ("Symantec") in this district (Case No. 3:14-cv-02998-RS), which Finjan amended on September 11, 2014, alleging that Symantec infringes three of the four patents asserted against Bitdefender in the instant lawsuit, i.e., the

APPENDICES TO JOINT CASE MANAGEMENT                    Case No.: 4:17-cv-04790-HSG
STATEMENT & [PROPOSED] ORDER

1   '299 Patent, the '154 Patent and the '494 Patent, along with additional patents.  The action against

2   Symantec is currently assigned to the Honorable Haywood S. Gilliam, Jr.  A claim construction

3   hearing was held on June 29, 2015.  On July 23, 2014, Finjan filed a Notice of Pendency of Other

4   Action or Proceeding in the Symantec action regarding the FireEye and Blue Coat actions.  On

5   October 9, 2015, this action was ordered stayed pending a decision by the United States Patent and

6   Trademark Office ("PTO") concerning whether to institute *inter partes* review of certain claims

7   asserted in Symantec's petitions seeking *inter partes* review.  On March 29, 2016, the parties jointly

8   requested the Court lift the stay, and on March 30, 2016, the Court lifted the stay.  On April 15, 2016,

9   the parties jointly submitted a proposed schedule to the Court for the remainder of the case.  On

10  August 1, 2016 the Court issued a Scheduling Order indicating a timeline to trial.  On August 18, 2017,

11  IAC Search and Media, Inc. ("IAC") moved to intervene, and the Court granted IAC's request for a

12  12-week continuance.  Trial against Symantec is currently scheduled to begin July 9, 2018.  Symantec

13  filed various IPRs against Finjan's patents and requested joinder with other IPRs filed against Finjan

14  by other parties, including some patents Finjan is asserting in this case.  Specifically, Symantec filed

15  IPRs relating to the '154, '299, and '494 Patents.  On January 14, 2016, the PTAB denied institution of

16  six IPRs on five asserted patents, including the '299 Patent, which Finjan is asserting in this case.  The

17  PTAB denied institution of an additional two IPRs filed on separate patents, including the '154 Patent

18  and the '494 Patent, denying a total of eight petitions as of February 26, 2016.  On March 11, 2016, the

19  PTAB denied two more IPRs on patents against Symantec, denying a total of 10 petitions to date.  On

20  March 18, 2016, the PTAB granted institution on the 11th Petition by Symantec regarding the '494

21  Patent (IPR2015-01892).  On March 15, 2017, the PTAB issued a final written decision stating that

22  claims 5, 10, 11, 14, and 15 have not been shown to be unpatentable and that claims 1, 2, and 6 were

23  shown to be unpatentable.  The IPR has been appealed to the Federal Circuit by the parties, which is

ii

currently pending.  With respect to the '154 Patent, Symantec filed a petition and motion for joinder with *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2015-01979, and another petition and motion for joinder with *Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00151, which the PTAB granted.  The PTAB issued a final written decision in both IPRs stating that the claims of the '154 Patent have not been shown to be unpatentable.  Palo Alto Networks and Symantec appealed the final written decisions to the Federal Circuit, which are currently pending.

On November 4, 2014, Finjan filed a complaint against Palo Alto Networks, Inc. ("PAN") in this district (Case No. 3:14-cv-004908-PJH), alleging that PAN infringes three of the four patents asserted against Bitdefender in the instant lawsuit, i.e., the '780 Patent, '494 Patent, and '154 Patents, as well as additional patents.  The action against PAN is currently assigned to the Honorable Phyllis J. Hamilton in the Oakland division.  On December 10, 2015, the matter was stayed pending a decision by the PTAB on whether to institute IPR on Finjan's claims of its ten patents asserted against Palo Alto Networks.  On May 26, 2016, the Court ordered the stay to remain in effect until the PTAB's final determination of the instituted IPRs.  On November 24, 2014, Finjan filed a Notice of Pendency of Other Actions Involving Same Patents in the PAN action regarding the FireEye, Blue Coat and Symantec actions.  On December 22, 2014, PAN filed a Notice of Pendency of Other Actions Involving Same Patents in the PAN action regarding the FireEye, Blue Coat and Symantec actions.  Of PAN's thirteen IPR petitions, the PTAB denied institution of seven petitions, including one IPR related to the '780 Patent, and granted institution of six petitions, including three related to the '154 Patent and '494 Patent.  On March 21, 2016, the PTAB instituted trial on claims 1-8, 10 and 11 of the '154 Patent, and on April 20, 2016, the PTAB instituted trial on the same claims from the '154 Patent from another Palo Alto Networks petition.  The PTAB issued final written decisions for both instituted petitions concerning the '154 Patent, stating that the instituted claims have not been shown to be unpatentable.

APPENDICES TO JOINT CASE MANAGEMENT                          Case No.: 4:17-cv-04790-HSG
STATEMENT & [PROPOSED] ORDER

These IPRs have been appealed to the Federal Circuit, which is currently pending.  The PTAB denied institution of all challenged claims of the '822 Patent and the '731 Patent.  On March 29, 2016, the PTAB instituted trial on the '408 Patent.  On March 17, 2017, the PTAB issued a final written decision for the IPR on the '408 Patent, stating that the instituted claims have not been shown to be unpatentable.  This IPR has been appealed to the Federal Circuit, which is currently pending.  On March 29, 2016, the PTAB also instituted trial on claims 14 and 19 of the '633 Patent, and denied institution on the rest of the challenged claims.  The PTAB issued a final written decision stating that the instituted claims have not been shown to be unpatentable.  On May 9, 2016, the PTAB denied institution of trial on the '926 Patent, the '968 Patent, the '780 Patent, and the '918 Patent.  On May 13, 2016, the PTAB instituted trial on the '494 Patent on claims 1 – 6 and 10 – 15.  On April 11, 2017, the PTAB issued a final written decision stating that claims 3 – 5 and 10 – 15 have not been shown to be unpatentable and that claims 1, 2, and 6 have been shown to be unpatentable.  This IPR has been appealed to the Federal Circuit, which is currently pending.  On May 16, 2016, the PTAB issued its last decision concerning whether to institute IPR on the 13 petitions filed by PAN on the ten patents asserted by Finjan in the case.  On May 23, 2016, the parties filed a Joint Status Report wherein Finjan asked the Court to lift the stay and PAN requested that the stay remain in place.  On May 26, 2016, the Court issued an Order staying the case until the PTAB issues its final ruling on the instituted IPR petitions.

On July 8, 2013, Finjan filed a patent infringement lawsuit against FireEye, Inc. in this district (Case No. 13-3133-SBA), asserting that defendant infringes one of the four patents asserted against Bitdefender in this case, namely, the '780 Patent, among other patents.  On October 7, 2013, FireEye filed its first motion to stay the case pending resolution of pending reexamination of US Patent Nos. 8,079,086, 7,058,822, and 7,647,633.  The Court granted the stay on May 30, 2014, pending final

APPENDICES TO JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

Case No.: 4:17-cv-04790-HSG

exhaustion of the reexamination proceedings.  The PTAB declined to institute the petition for the '086 Patent.  On February 16, 2016, and September 16, 2016, PTAB issued Ex Parte Reexamination Certificates for the '822 and '633 Patents.  On March 28, 2016, the Court denied FireEye's Renewed Motion to Stay, lifted the stay, and held a case management conference on April 20, 2017.  On September 1, 2017, the law firm of DLA Piper withdrew as counsel for FireEye and the law firm of Durie Tangri LLP substituted into the case.  The claim construction hearing is currently set for January 18, 2018 in Finjan's case against FireEye.  FireEye also filed petitions and motions for joinder with respect to the '086 Patent and the '408 Patent.  The PTAB denied institution of the IPR relating to the '408 Patent and granted joinder for the IPR relating to the '086 Patent.

On July 1, 2016, Finjan filed a patent infringement lawsuit against ESET, LLC and ESET SPOL. S.R.O. in this district (Case No. 16-cv-03731-JD), asserting that defendants infringe one of the four patents asserted against Bitdefender in the instant lawsuit, the '780 Patent, along with five additional patents.  ESET filed a Motion to Dismiss on July 27, 2016, under first to file rule, and a Motion to Dismiss on October 20, 2016, under failure to state a cause of action under Fed. R. Civ. 12(b)(6).  The case was transferred to the Southern District of California on January 31, 2017 (Case No. 17-cv-00183-BAS-NLS).  The action is pending before Judge Bencivengo in the Southern District of California.  The Court held a case management conference on March 20, 2017, and denied ESET's motions to dismiss on March 21, 2017.  On October 2, 2017, Judge Bencivengo issued a Preliminary Claim Construction Order.  There is no trial date set yet in Finjan's case against ESET.  ESET also filed two IPRs, one relating to the '305 Patent and the other relating to the '086 Patent.  No institution decision has been made to date.

On January 6, 2017, Finjan filed a patent infringement lawsuit against Cisco Systems, Inc. in this district (Case No. 17-cv-00072), asserting that defendant infringes three of the four patents

APPENDICES TO JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

Case No.: 4:17-cv-04790-HSG

asserted against Bitdefender in this case, namely, the '780 Patent, the '154 Patent, and the '494 Patent, among other patents.  The action against Cisco is currently assigned to the Honorable Beth Labson Freeman.  Cisco filed a motion to dismiss Finjan's willfulness claims, which the Court granted on June 7, 2017.  Finjan filed a Second Amended Complaint on July 7, 2017.  Cisco filed another motion to dismiss Finjan's willfulness claims on July 24, 2017.  The hearing on Cisco's motion to dismiss claims of the Second Amended Complaint is currently scheduled for December 14, 2017.  Cisco filed two IPRs, one relating to the '844 Patent and the other relating to the '494 Patent.  Finjan has not yet filed its patent owner preliminary responses, and no institution decision has been made to date.

On August 4, 2017, Finjan filed a patent infringement lawsuit against SonicWall, Inc. in this district (Case No. 5:17-cv-04467), asserting that defendant infringes three of the four patents asserted against Bitdefender in this case, namely, the '780 Patent, the '154 Patent, and the '494 Patent, among other patents.  The action against SonicWall is currently assigned to the Honorable Beth Labson Freeman.  On October 16, 2017, SonicWall filed a motion to dismiss Finjan's willfulness claims and Finjan filed an Opposition on October 27, 2017.  SonicWall filed a Reply on November 3, 2017.  The hearing on SonicWall's Motion to Dismiss is currently set for March 29, 2018.

On September 29, 2017, Finjan filed a patent infringement lawsuit against Juniper Networks, Inc. in this district (Case No. 4:17-cv-05659), asserting that defendant infringes three of the four patents asserted against Bitdefender in this case, namely, the '780 Patent, the '154 Patent, and the '494 Patent, among other patents.  The action against Juniper is currently assigned to the Honorable Magistrate Judge Donna M. Ryu.

APPENDICES TO JOINT CASE MANAGEMENT                    Case No.: 4:17-cv-04790-HSG
STATEMENT & [PROPOSED] ORDER