PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
AUSTIN MANES (State Bar No. 284065)
amanes@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>BITDEFENDER INC., a Florida Corporation, and BITDEFENDER S.R.L., a Romanian Corporation,<br><br>          Defendants. | Case No.: 4:17-cv-04790-HSG<br><br>**PLAINTIFF FINJAN, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S FOURTH, FIFTH, NINTH, TENTH, ELEVENTH, AND THIRTEENTH AFFIRMATIVE DEFENSES**<br><br>Date: March 1, 2018<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 4th Floor<br>Judge: Honorable Haywood S. Gilliam |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on March 1, 2018, at 2:00 p.m., or as soon thereafter as counsel may be heard by the Honorable Haywood S. Gilliam in Courtroom 2, 4th Floor, United States District Court of California, 1301 Clay Street, Oakland, CA 94612, Plaintiff Finjan, Inc. ("Finjan") will and hereby does move the court for an order striking the fourth, fifth, ninth, tenth, eleventh, and thirteenth affirmative defenses set forth in the Answer filed by Defendant Bitdefender Inc. ("Bitdefender" or "Defendant") on November 22, 2017, in this action.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the proposed order submitted herewith, the pleadings and papers on file in this action, any evidence and argument presented to the Court at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

# STATEMENT OF ISSUES

Whether Bitdefender's fourth, fifth, ninth, tenth, eleventh, and thirteenth affirmative defenses are insufficiently or improperly pled, and should be stricken.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Bitdefender asserted affirmative defenses in its Answer that should be stricken for immateriality, insufficiency, and failure to provide fair notice of the defenses to Finjan. For each of these defenses, Bitdefender either fails to plead the required elements of the defense or fails to provide an adequate factual basis to state a plausible defense. Specifically, Bitdefender's fourth, fifth, ninth, tenth, and eleventh affirmative defenses of prosecution history estoppel, prosecution laches, waiver, estoppel, and unclean hands amount to bald accusations lacking even a single factual allegation to support the defense. Bitdefender's thirteenth affirmative defense of inequitable conduct also fails to plead facts with particularity sufficient to meet the heightened pleading requirements of an inequitable estoppel defense. Thus, all of these defenses fall far short of the pleading standards articulated in *Twombly* and *Iqbal*, which this District has consistently applied to affirmative defenses. Accordingly,

Finjan respectfully requests that the Court strike Bitdefender's fourth, fifth, ninth, tenth, eleventh, and thirteenth affirmative defenses.

## II.     STATEMENT OF FACTS

On August 16, 2017, Finjan filed a Complaint asserting Bitdefender's infringement of Finjan's Patent Nos. 6,804,780 ("the '780 Patent"), 7,930,299 ("the '299 Patent"), 8,141,154 ("the '154 Patent"), and 8,677,494 ("the '494 Patent") ("collectively, "Patents-in-Suit").  Dkt. No. 1.  On November 22, 2017, Bitdefender filed its Answer to Finjan's Complaint, asserting thirteen affirmative defenses, including the following conclusory defenses at issue in this motion:

### FOURTH DEFENSE
### (Prosecution History Estoppel)

The Plaintiff is estopped from asserting any interpretation of any valid claim of the '780, '299, '154, or '494 Patent to cover any of Bitdefender Inc.'s products used, imported, sold, or offered for sale, services, and/or methods of manufacture, and the Plaintiff's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution and/or reexaminations of the '780, '299, '154, or '494 Patent and/or any related patents or patent applications.

### FIFTH DEFENSE
### (Prosecution Laches)

The Plaintiff's claims are barred, in whole or in part, by prosecution laches.

### NINTH DEFENSE
### (Waiver)

The Plaintiff's claims are barred, in whole or in part, by waiver.

### TENTH DEFENSE
### (Estoppel)

The Plaintiff's claims are barred, in whole or in part, by principles of estoppel, including equitable estoppel.

### ELEVENTH DEFENSE
### (Unclean Hands)

The Plaintiff's claims are barred, in whole or in part, by unclean hands.

Dkt. No. 25 at 14-15.  Bitdefender's answer provides no further facts or allegations regarding these defenses.  Additionally, Bitdefender asserted a thirteenth affirmative defense of "Inequitable Conduct."  *Id*. at 15-17.

### III.  LEGAL STANDARD

Courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A court may strike a defense that is "insufficient" because it fails to plead the elements of the defense or fails to provide an adequate factual basis.  *See, e.g., Solis v. Zenith Capital, LLC*, No. C 08-4854, 2009 WL 1324051, at *3-7 (N.D. Cal. May 8, 2009) (striking affirmative defenses because no factual bases were provided); *see also Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (striking defenses that did no more than name the defenses without listing their elements or supporting facts).

Here, Bitdefender's defenses fail to give Finjan "'fair notice' of the defense being advanced" and fail to state "'a claim [of] relief that is plausible on its face.'"  *See Qarbon.com, Inc.*, 315 F. Supp. 2d at 1049; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Within this district . . . there is widespread agreement" that the *Iqbal* and *Twombly* standard applies to affirmative defenses.  *Catch a Wave, Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2013 WL 1996134, at *1 (N.D. Cal. May 13, 2013).[1]  While a court "must take all of the factual allegations in the complaint as true," it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  The allegations must "permit the court to infer more than the mere possibility of misconduct."  *Id*. at 679.

---

[1] *See e.g.*, *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *1 (N.D. Cal. Sept. 6, 2012).  "'[T]he vast majority' of federal district courts presented with the issue have reached" this conclusion.  *Perez v. Gordon & Wong Law Grp*., *P.C.*, No. 11-cv-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (noting that the Northern District of California has "consistently" extended *Twombly*'s pleading standard to affirmative defenses); *Righetti v. California Dept. of Corrections and Rehab.,* No. C-11-2717 EMC, 2013 WL 1891374, at *3 (N.D. Cal. May 6, 2013) ("[T]he *Iqbal/Twombly* standard should apply to determine whether [defendant's] affirmative defenses are adequately plead"); *J & J Sports Prods., Inc. v. Mendoza-Govan*, No. C 10-05123 WHA, 2011 WL 1544886, at *1 (N.D. Cal. Apr. 25, 2011) ("*Twombly*'s heightened pleading standard applies to affirmative defenses.").

Since Bitdefender bears the burden of proof on an affirmative defense, "'*Twombly*'s rationale of giving fair notice to the opposing party would seem to apply as well to affirmative defenses given the purpose of Rule 8(b)'s requirements for defenses.'" *Powertech Tech., Inc. v. Tessera, Inc.*, C 10-945 CW, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012) (quoting *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 929 (N.D. Cal. 2012)); *see also Nextdoor.com, Inc., v. Abhyanker*, No. C-12-5667 EMC, 2013 WL 3802526, at *9 (N.D. Cal. July 19, 2013); *Righetti*, 2013 WL 1891374, at *3. This "serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Nextdoor.com, Inc.*, 2013 WL 3802526, at *9 (citations omitted). Moreover, "[a]pplying the same standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Id.*, citing *Barnes & Noble*, 849 F. Supp. 2d at 929. Thus, if a defendant pleads affirmative defenses that include "only conclusory allegations, without providing any information about the grounds upon which the defenses rest, it has insufficiently [pleaded those] defenses." *Catch a Wave, Inc.*, 2013 WL 1996134, at *2 (citing *Powertech Tech., Inc.*, 2012 WL 1746848, at *5).

**IV.    ARGUMENT**

   **A.    Bitdefender's Bare and Conclusory Affirmative Defenses Should be Stricken for Failure to Provide Notice or Plead Any Supporting Facts.**

Bitdefender's fourth, fifth, ninth, tenth, and eleventh affirmative defenses—asserting prosecution history estoppel, prosecution laches, waiver, estoppel, and unclean hands, respectively—should be stricken because they each fail to plead the elements of those defenses, fail to provide any factual basis for those defenses, and thus fail to give Finjan fair notice of the defense they purport to advance. *See Solis,* 2009 WL 1324051, at *3-7; *Qarbon.com, Inc.,* 315 F. Supp. 2d at 1049-50. Bitdefender's affirmative defenses of prosecution laches, waiver, estoppel, and unclean hands do nothing more than repeat the title of the defense and state that Finjan's claims are barred by it (in whole or in part). Dkt. No. 25 at 14-15.

4

FINJAN'S MOTION TO STRIKE DEFENDANT'S                              Case No. 4:17-cv-04790-HSG
AFFIRMATIVE DEFENSES

Bitdefender's prosecution history estoppel defense contains no facts whatsoever, aside from listing the last three numbers of each Patent-in-Suit. *Id*. For prosecution history estoppel to apply, there must be some allegation regarding whether the patentee "respond[ed] to [a claim] rejection by narrowing [its] claims," that would "estop[] [it] from later arguing that the subject matter covered by the original, broader claim was nothing more than an equivalent" of an accused product. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 727 (2002). Similarly, a defense of waiver must allege that a plaintiff intentionally relinquished or abandoned a known right. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). And a defense of prosecution laches requires a showing of an unreasonable and unexplained delay that includes a finding of prejudice. *Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 729 (Fed. Cir. 2010).

Here, Bitdefender's fourth, fifth, ninth, tenth, and eleventh affirmative defenses fail to meet these standards or even to allege a single fact in support of these defenses. Because they provide no adequate factual basis and no fair notice to Finjan, the Court should strike Bitdefender's affirmative defenses of prosecution history estoppel, prosecution laches, waiver, estoppel, and unclean hands.

**B.      Bitdefender Has Not Pled An Inequitable Conduct Affirmative Defense**

Bitdefender's thirteenth affirmative defense for inequitable conduct should also be stricken as immaterial and insufficiently pled. Even accepting all of Bitdefender's allegations as true, the facts alleged in the thirteenth affirmative defense fail to plead the required elements of the inequitable conduct defense, namely that Mr. Touboul made any misrepresentation. Further, Bitdefender fails to allege any facts to support their bare, conclusory accusation that Mr. Touboul possessed the required *intent to deceive* the PTO. Inequitable conduct must be pled with particularity under Federal Rules of Civil Procedure 9(b). *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009). To plead inequitable conduct with the requisite particularity, "the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. Bitdefender fails to address the "what" and "how" elements with its conclusory allegations of inequitable conduct.

5

### 1. Bitdefender's Inequitable Conduct Affirmative Defense Fails to Sufficiently Plead A Misrepresentation

Bitdefender's thirteenth affirmative defense fails to meet the heightened standards required to plead an inequitable conduct defense because Bitdefender has not alleged that Finjan knowingly made a misstatement to the PTO. Bitdefender alleges only that Mr. Touboul's statements to the PTO (that he was the sole inventor of claims 1, 3, 4-6, 9, 10, 12-15, and 18 of the '494 Patent) must have been false because there are three other individuals named as co-inventors on the face of the '494 patent. What allegedly makes Mr. Touboul's statement a misrepresentation and how it is a misrepresentation is not pled anywhere. Dkt. No. 25 at 15-16. Bitdefender seems to just assume that because there are three co-inventors, they had to contribute to the specific claims enumerated in Mr. Touboul's declaration. Even accepting all of them as true, the relevant law and Mr. Touboul's declaration demonstrate that he correctly described the inventorship of the '494 Patent.

First, it is black letter law that a co-inventor on a patent does not need to contribute to the conception of every claim in that patent. A contribution to just one dependent claim is enough to establish co-inventorship in the patent. *See Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1373 (Fed. Cir. 2002) (finding a person to be an inventor because they contributed to at least one claim of the patent). Thus, the co-inventors can legally contribute to the claims that Mr. Touboul did not address in his declaration. Notably, Bitdefender excised from its affirmative defense allegations the rest of the very same paragraph from Mr. Touboul's declaration that Bitdefender relies upon, in which Mr. Touboul continues with the following: "The remaining pending dependent claims were co-invented by or with one or more of the other listed inventors." *See* Declaration of Austin Manes in Support of Finjan's Motion to Strike, filed herewith, Ex. 1 at 1-2. Thus, Mr. Touboul did not make any misstatement to the PTO and Bitdefender did not allege, and cannot claim, that Mr. Touboul's allegations are a misstatement.

Second, Bitdefender's allegations do not give rise to any inequitable conduct defense. Bitdefender's claim that the other co-inventors on the '494 Patent were not employed by Finjan during the time that Mr. Touboul conceived of the invention for the independent claims is immaterial and

insufficient. Dkt. No. 25 at 17.  The co-inventors did not need to be employed by Finjan to participate in the conception of the patent.  When two or more persons make an invention jointly, they do not have to work at the same time. *Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1302 (Fed. Cir. 2002). The only remaining allegation Bitdefender makes is a single, unsubstantiated, and conclusory allegation that: "[i]nventors other than Mr. Touboul confirmed that they contributed to the conception of the concept set forth in the independent claims of the '494 Patent and were also inventors."  Dkt. No. 25 at 17.  Bitdefender fails to allege any facts to support this statement.  In order to satisfy the pleading standards of *Iqbal* and *Twombly,* the allegations must "permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 556 U.S. at 679.  Thus, Bitdefender's unsupported accusation does no more than allege a mere possibly of misconduct, and is therefore insufficient.

### 2. Bitdefender's Inequitable Conduct Defense Fails to Sufficiently Plead Intent

Bitdefender has no meaningful allegations regarding intent.  Here, Bitdefender alleged only a single sentence stating: "Upon information and belief, Mr. Touboul made these false statements with the specific intent to deceive the PTO."  This single sentence is devoid of factual support and insufficient to plead Mr. Touboul's subjective intent to deceive.  It is a far cry from the requirements of pleading intent, which "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen Corp.,* 575 F.3d at 1328.

Ultimately, Bitdefender should not be permitted to engage the common litigation tactic of charging inequitable conduct. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1289 (Fed. Cir. 2011) (*en banc*) and *Burlington Indus. Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("charging inequitable conduct in almost every major patent case has become an absolute plague").  Indeed, to address the growing number of baseless inequitable conduct claims, which have "plagued not only the courts but also the entire patent system," a party alleging inequitable conduct must detail allegations showing that the "single most reasonable inference" of the alleged facts is an

7

1  intent to deceive, as opposed to a mistake or oversight. *Therasense*, 649 F.3d at 1289-90; *Star*

2  *Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008).  For this reason,

3  the Federal Circuit emphasized a district court's gatekeeping role in swiftly eliminating such claims, so

4  that they do not complicate discovery, confuse juries, and impose unnecessary costs on the parties and

5  the court system.  *Therasense*, 649 F.3d at 1288-89; *Exergen Corp.,* 575 F.3d at 1331.

6      For these reasons, Finjan's motion to strike should be granted.

7  **V.    CONCLUSION**

8      For the reasons stated above, Finjan respectfully requests that the Court strike Bitdefender's

9  fourth, fifth, ninth, tenth, eleventh, and thirteenth affirmative defenses.

Respectfully submitted,

DATED:  December 13, 2017      By:   */s/ Lisa Kobialka*
                                   Paul J. Andre (State Bar. No. 196585)
                                   Lisa Kobialka (State Bar No. 191404)
                                   James Hannah (State Bar No. 237978)
                                   Austin Manes (State Bar No. 284065)
                                   KRAMER LEVIN NAFTALIS
                                      & FRANKEL LLP
                                   990 Marsh Road
                                   Menlo Park, CA  94025
                                   Telephone: (650) 752-1700
                                   Facsimile: (650) 752-1800
                                   pandre@kramerlevin.com
                                   lkobialka@kramerlevin.com
                                   jhannah@kramerlevin.com
                                   amanes@kramerlevin.com

                                   *Attorneys for Plaintiff*
                                   FINJAN, INC.

8
FINJAN'S MOTION TO STRIKE DEFENDANT'S          Case No. 4:17-cv-04790-HSG
AFFIRMATIVE DEFENSES