PAUL ANDRE (SBN 196585)
pandre@kramerlevin.com
LISA KOBIALKA (SBN 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (SBN 237978)
jhannah@kramerlevin.com
AUSTIN MANES (SBN 284065)
amanes@kramerlevin.com
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

Attorneys for Plaintiff
FINJAN, INC.

OLEG ELKHUNOVICH (SBN 269238)
oelkhunovic@susmangodfrey.com
KALPANA SRINVASAN (SBN 237460)
ksreinvasan@susmangodfrey.com
MICHAEL B. ADAMSON (*pro hac vice*)
madamson@susmangodfrey.com
SUSMAN GODFREY LLP
1901 Avenue of the Stars, #950
Los Angeles, CA 90067
Tel: (310) 789-3100
Facsimile: (310) 789-3150

Ian B. Crosby (*pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel.: (206) 516-3800
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com

Attorneys for Defendants,
BITDEFENDER S.R.L. and BITDEFENDER
INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BITDEFENDER INC., a Florida Corporation, and BITDEFENDER S.R.L., a Romanian Corporation,<br><br>Defendants. | Case No.: 4:17-cv-4790-HSG<br><br>~~[PROPOSED]~~ PROTECTIVE ORDER, FILED PURSUANT TO THE COURT'S DISCOVERY ORDER ENTERED AT DKT. NO. 65<br><br>**DEMAND FOR JURY TRIAL** |

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby petition the Court to enter the following Protective Order, pursuant to the Discovery Order (Dkt. No. 65) concerning the parties' dispute over the terms of this Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4 below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

1

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys who are employees of a Party to this action or Andrei Popovici, counsel for Bitdefender who is not an employee of Bitdefender.  House Counsel does not include Outside Counsel of Record or any other outside counsel aside from Andrei Popovici.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party: any party to this action, including all of its officers, directors, employees,

consultants, retained experts, House Counsel and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors</u>: persons or entities other than employees of a Party to this action that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and reviewing, categorizing, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

3.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party; (b) any information that becomes part of the public domain after its disclosure to a Receiving Party, as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (c) any information known to the Receiving Party prior to the disclosure; and (d) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

       4.1    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

       If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

       5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" to each page of a document or portion of a document that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or if the material is Source Code, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE") to each page of a document or portion of a document that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within 21 days thereafter in a written notice to the other Party, all protected testimony and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition, hearing or other proceeding, or up to 21 days afterwards in writing, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

During a deposition, when counsel deems that the answer to a question may result in the disclosure of Protected Material of that counsel's client, counsel may request that any persons present who are not authorized pursuant to Section 7 leave the deposition during the confidential portion of the deposition. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving

Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If at the time of such correction, the Receiving Party has already disclosed the Protected Material in a manner inconsistent with the corrected designation, the Receiving Party shall comply with the procedures set forth at Section 12.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time, except as specified in Section 6.3, below. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to change the confidentiality

designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within 14 days (or 7 days, if applicable) shall automatically waive the confidentiality challenge for each challenged designation. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14.4 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, employees, and House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel, pursuant to Section 14.3;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, and any current or former employee of the Producing Party.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

(c)     the Court and its personnel, pursuant to Section 14.3;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, and any current or former employee of the Producing Party.

7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items to Experts</u>.

(a     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to Section 7.3 first must make a written request to the Designating Party that (a) sets forth the full name of the Expert and the city and state of his or her primary residence, (b) attaches a copy of the Expert's current resume, (c) identifies the Expert's current employer(s), (d) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (e) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

7.5 A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. SOURCE CODE

8.1 Source Code may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" and shall be subject to all protections applicable to materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in addition to the following protections:

(a) If the production of Source Code is to occur in this litigation, after reasonable notice to the Receiving Party, a single electronic copy of any such Source Code shall be made available for inspection on a non-networked standalone computer at a mutually agreeable location and at mutually agreeable times during normal business hours, or Source Code shall be made

available in another form selected by the Producing Party that is at least as accessible as the

standalone computer option described herein.  The Receiving Party shall make any request to

inspect the Producing Party's Source Code a reasonable time in advance of its desired inspection,

and in no event less than two (2) court-days' notice, except as provided in subsection (c), below.

Absent such reasonable notice, the Producing Party may decline to make its Source Code

available to the Receiving Party for the requested inspection.  The Source Code shall be made

available in the same format as maintained in the normal course of business, and in a format

allowing it to be reasonably reviewed and searched.  The non-networked standalone computer

shall be password protected and supplied by the Producing Party;

       (b)     The Receiving Party shall not copy or remove any portion of the Source Code.

The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the

Source Code, either by handwriting or electronically (on a computer not connected to the

Internet), but may not copy the Source Code into the notes.  The Producing Party may visually

monitor the activities of the Receiving Party's representatives during any Source Code review,

but only to ensure that no unauthorized electronic records of the Source Code and no information

concerning the Source Code are being created or transmitted in any way.

       (c)     Access to the standalone computer shall be permitted, after notice to the Producing

Party and an opportunity to object, to Outside Counsel of Record representing the Receiving

Party and three (3) Experts retained by the Receiving Party, the Experts having been approved

under Section 7.4 of this Protective Order.  The persons who will review Source Code on behalf

of a Receiving Party shall be named in writing to the Producing Party at least five court days in

advance of the first time that such person reviews such Source Code, and the Producing Party

may object in writing within three court days of such notice.  The parties shall thereafter meet and

confer within three court days of any objection by the Producing Party to attempt to resolve the

objection.  If the Parties cannot resolve the objection without court intervention, the Parties will

follow the procedures set forth in paragraph 2 of Magistrate Judge James' Standing Order re

Discovery.  In any such proceeding, the Producing Party shall bear the burden of proving that the

               Case No.: 4:17-cv-4790-HSG

risk of harm that the access would entail outweighs the Receiving Party's need to allow its proposed Source Code reviewer access to the Source Code under the safeguards proposed;

(d)     The Receiving Party may request that commercially-available software tools be installed on the standalone computer to assist the Receiving Party's review of the Source Code, provided, however, that (1) the Receiving Party possesses an appropriate license to such software tools; and (2) such software tools are reasonably necessary for the Receiving Party to perform its review of the Producing Party's Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD (or links at which the Producing Party may access it) containing such licensed software tools at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the software tool(s) available for use on the standalone computer.  If the Parties are unable to agree on the additional requested software tools, they may seek an Order from the Court after making a good faith effort to resolve their dispute, pursuant to the protocol defined in paragraph 8.1(c), above;

(e)     The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (a) in the first instance.  A request for a paper copy comprising the following amounts of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such requested paper copy:  (1) an amount that would cause the Receiving Party to be in possession of more than three hundred (300) total pages of the Producing Party's Source Code; or (2) twenty (20) or more pages of a continuous block of Source Code.  The Producing Party shall provide all such Source Code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" within five court days of the Receiving Party's request, subject to subsection (g), below.  The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6, above, whereby the Producing

Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(f)     All access to the standalone Source Code computer shall be maintained by the Producing Party on a Source Code Access Log identifying, for each and every time any Source Code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time (time in and time out) of access; (3) the length of time of access; and (4) the bates numbers of any copy of any paper (non-electronic) copies of any portion of the code that were produced;

(g)     No electronic copies of Source Code shall be made without the agreement of the Producing Party or further order of the Court.  No additional hard (non-electronic) copies of Source Code or portions of Source Code shall be made without the agreement of the Producing Party or further order of the Court.  Notwithstanding the foregoing, nothing in this sub-Paragraph shall prevent a Party from making such additional hard copies of Source Code as are (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (3) necessary for deposition, or (4) otherwise necessary for the preparation of its case. Such papers shall be subject to the requirements of Section 14.3 herein, and all other protections applicable to materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE;

(h)     Within 60 days of final termination of the suit as to the Producing Party, the Receiving Party shall return all hard (non-electronic) copies of Source Code or certify through counsel with personal knowledge that all such copies have been destroyed.

9.     PROSECUTION BAR

9.1     Absent written consent from the Producing Party, any individual who receives access to information or items designated by the Producing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved in the prosecution of patents or patent applications relating to computer security, network security, and/or cyber security, including without limitation the patents asserted in this action and any patent or application claiming

priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").

9.2     For purposes of this paragraph, "prosecution" includes: directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency or defending against such a challenge (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, or *inter partes* reexamination).

9.3     No prohibition set forth in this paragraph shall apply to or result from any Protected Materials that such individual had lawfully received or authored prior to and apart from this litigation, or to any other material not covered by this Protective Order.

9.4     The restriction of Section 9.1 shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information or items is first received by the affected individual and shall end four (4) years from the date this Order is entered by the Court or two (2) years after final termination of this action, whichever is longer.

9.5     Receipt by House Counsel of Protected Material that is: (1) non-technical in nature (*e.g.,* financial or license information), or (2) filed with the Court, under seal, in the body (*e.g.*, not as an exhibit) of legal brief, pleading or other submission, shall not trigger the restrictions of Section 9.1.

10.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

10.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a

copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all

16

of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

12.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

12.1     If a Receiving Party learns that, by inadvertence or otherwise (including due to an incorrect designation pursuant to Section 5.3), it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request  such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u> <u>MATERIAL</u>

13.1     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Any inadvertent production of privileged or otherwise protected material that

satisfies the Federal Rule of Evidence 502(b) shall not be deemed to have waived the privilege or protection. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

14.   <u>MISCELLANEOUS</u>

14.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)-(f) unless otherwise instructed by the Court.

15.    <u>FINAL DISPOSITION</u>

15.1    Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

[PROPOSED] STIPULATED                    Case No.: 4:17-cv-4790-HSG
PROTECTIVE ORDER

Respectfully submitted,

DATED: March 13, 2018

By: /s/Austin Manes
Paul Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
James Hannah (SBN 237978)
Austin Manes (SBN 284065)
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

Respectfully submitted,

DATED: March 13, 2018

By: /s/ Oleg Elkhunovich
Oleg Elkhunovich (SBN 269238)
Kalpana Srinvasan (SBN 237460)
Michael B. Adamson (*pro hac vice*)
SUSMAN GODFREY LLP
1901 Avenue of the Stars, #950
Los Angeles, CA 90067
Tel: (310) 789-3100
Facsimile: (310) 789-3150
oelkhunovic@susmangodfrey.com
ksreinvasan@susmangodfrey.com
madamson@susmangodfrey.com

Ian B. Crosby (*pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Telephone: (206) 516-3800
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com

*Attorneys for Defendants,*
BITDEFENDER S.R.L and BITDEFENDER INC.

[PROPOSED] STIPULATED
PROTECTIVE ORDER

Case No.: 4:17-cv-4790-HSG

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By: _/s/ Austin Manes_

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____March 13, 2018_____     _____
                                     United States Magistrate Judge
                                     The Honorable Maria-Elena James

[PROPOSED] STIPULATED                         Case No.: 4:17-cv-4790-HSG
PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Protective Order that was

issued by the United States District Court for the Northern District of California, Oakland

Division on _____ [date] in the case of FINJAN, INC. v. BITDEFENDER, ET. AL., N.D.

Cal. Case No.: 4:17-cv-4790-HSG.  I agree to comply with and to be bound by all the terms of

this Protective Order, and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
           [printed name]

Signature: _____
        [signature]