United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BITDEFENDER INC., et al.,<br>BITDEFENDER S.R.L.<br><br>    Defendants. | Case No. 17-cv-04790-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 33 |

Plaintiff Finjan, Inc. ("Finjan") brings this action for patent infringement against Defendants Bitdefender Inc. ("Bitdefender") and Bitdefender S.R.L. (collectively, "Defendants"). Pending before the Court is Finjan's motion to strike Bitdefender's fourth, fifth, ninth, tenth, eleventh, and thirteenth affirmative defenses. Dkt. No. 33 ("Mot.") at 2. Briefing on the motions is complete. Dkt. Nos. 46 ("Opp."), 47 ("Reply"). After carefully considering the parties' arguments, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.[1]

## I. BACKGROUND

On August 16, 2017, Finjan filed a complaint against Defendants alleging direct and indirect infringement of United States Patent Nos. 6,804,780 ("the '780 Patent"), 7,930,299 ("the '299 Patent"), 8,141,154 ("the '154 Patent"), and 8,677,494 ("the '494 Patent") (collectively, the "Asserted Patents"). Dkt. No. 1 ("Compl.") ¶¶ 38, 39. Finjan is in the business of developing proactive security technologies that detect online security threats, also known as "malware." *Id.* ¶ 8. According to Finjan, it built and sold software, including application program interfaces ("APIs"), using its patented technologies. *Id.* ¶ 9. Finjan asserts that Defendants infringed the

---

[1] This matter is appropriate for disposition without oral argument. *See* Civil L.R. 7-1(b).

Asserted Patents by making and selling various products, including Defendants' "Total Security, Family Pack, Internet Security, [and] Antivirus Plus [products]." *Id.* ¶ 38.

On November 22, 2017, Bitdefender filed its answer to Finjan's complaint, and asserted thirteen affirmative defenses. Dkt. No. 25 at 13–17. Finjan moved to strike Bitdefender's inequitable conduct defense on the ground that it does not meet the heightened pleading standard set by Federal Rule of Civil Procedure ("Rule") 9(b). Mot. at 5–8. Finjan also moved to strike Bitdefender's affirmative defenses of prosecution history estoppel, prosecution laches, waiver, estoppel, and unclean hands, arguing that they do not satisfy the *Twombly/Iqbal* pleading standard. *Id.* at 4–5.

## II. LEGAL STANDARD

Rule 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is insufficiently pleaded if it fails to give the opposing party "fair notice" of the nature of the defense. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). In moving to strike, a party seeks "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). In ruling on a motion to strike, a "court[ ] may not resolve disputed and substantial factual or legal issues . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

## III. DISCUSSION

### A. Bitdefender's Thirteenth Affirmative Defense for Inequitable Conduct

Bitdefender asserts in its thirteenth affirmative defense that "the '494 patent is unenforceable for inequitable conduct occurring during its prosecution. . . ." Dkt. No. 25 at 15–17. Unlike Bitdefender's other affirmative defenses, "[i]nequitable conduct … must be pled with particularity under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (quotations and alterations omitted). To satisfy Rule 9(b)'s particularity requirement, a fraud claim must state "the who, what, when, where, and how" of the alleged conduct, *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to

2

why [a] statement or omission complained of was false and misleading," *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

### 1. Alleged Misconduct

Bitdefender claims that Finjan made false statements to the PTO regarding how the '494 Patent was conceived and invented. Dkt. No. 25 at 15–16. As set forth in Finjan's complaint, the '494 Patent, titled "Malicious Mobile Code Runtime Monitoring System and Methods," was issued on March 18, 2014 to Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul. Compl. ¶ 19. During the patent's prosecution, Finjan submitted a declaration by inventor Touboul stating that claims 1, 3, 4–6, 9, 10, 12–15, and 18 of the '494 Patent were Touboul's sole invention. Dkt. No. 25 at 16. Touboul declared that "[his] sole invention was in his mind and developed by at least November 18, 1996." *Id*. Bitdefender asserts that Touboul's statements were false. *Id.* at 17.

Finjan does not dispute that Bitdefender has pled the "who, what, when, and where" of Finjan's alleged misrepresentation. Finjan does argue, however, that Bitdefender failed to adequately plead "how" Touboul misrepresented his contribution to the independent claims of the '494 Patent. Mot. at 6. Bitdefender's assertion of fraud against Touboul rests primarily on its allegation that "[i]nventors other than Touboul confirmed that they contributed to the conception of the concept set forth in the independent claims of the '494 patent and were also inventors." Dkt. No. 25 at 17. In response, Finjan claims that Bitdefender's allegation is unsupported and conclusory. Mot. at 7.

The Court disagrees. Viewing the pleadings in the light most favorable to Bitdefender, the Court finds that Bitdefender's allegations suffice to put Finjan on notice of the facts giving rise to Touboul's alleged misrepresentation. To support its contention that other inventors contributed to the '494 Patent, Bitdefender's answer describes a declaration filed with the '494 Patent application. Dkt. No. 25 at 16. According to Bitdefender, the declaration was signed by all inventors, and acknowledged that "[t]he inventor(s) named below [are] the original and first inventor(s) of the subject matter which is claimed and for which a patent is sought on the Invention entitled MALICIOUS CODE RUNTIME MONITORING SYSTEM AND

3

METHODS." *Id.* While not conclusive, these facts as alleged are sufficient at this stage to support a reasonable inference that Touboul's statements to the PTO were false or misleading insofar as he represented that: (1) he "had the ideas described in the patent application"; (2) he "first developed a working system described in the patent application and in claims 1, 3, 4-6, 9, 10, 12-15 and 18" of the '494 Patent; and (3) these ideas and the working system were Touboul's "sole invention." Dkt. No. 33-2 at 1–2 ("Touboul Decl.").[2]

### 2. Intent to Deceive

Aside from the "how" pleading requirement, Finjan argues that the facts alleged do not give rise to a reasonable inference of Touboul's intent to deceive the PTO. Mot. at 7. "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally" under Rule 9(b). Fed. R. Civ. P. 9(b). But a pleading must include sufficient allegations of underlying facts that would allow a court to reasonably infer that the individual: "(1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1328–29. "[A] reasonable inference is one that is plausible and flows logically from the facts alleged, including any objective indications of candor and good faith." *Id*. at 1329 n.5.[3]

Bitdefender asserts that Touboul made the alleged false statements to overcome the PTO's rejection of the '494 Patent in view of U.S. Patent No. 5,983,348 (the "Ji Patent"). Dkt. No. 25 at

---

[2] In his declaration, Touboul also states that his "sole invention was in [his] mind and developed by at least November 18, 1996." Touboul Decl. at 1–2. Though Touboul subsequently acknowledges that "the remaining pending dependent claims were co-invented by or with one or more of the other listed inventors," he does not expressly reference those inventors with respect to the other claims listed. *See id.*

[3] Plaintiff contends, citing *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1289–90 (Fed. Cir. 2011), that "a party alleging inequitable conduct must detail allegations showing that the 'single most reasonable inference' of the alleged facts is an intent to deceive, as opposed to a mistake or oversight. Mot. at 7–8. This argument misstates the law. *Therasense* did not discuss pleading standards, instead describing what is required to meet a party's ultimate burden under the "clear and convincing evidence" standard. 649 F.3d at1290. In *Exergen*, which *did* discuss what must be pled to state an inequitable conduct claim, the Federal Circuit directly explained that the pleading burden is different than the ultimate burden of proof. *See* 575 F.3d at 1329 n.5 ("In contrast to the pleading stage, to prevail on the merits, the accused infringer must prove both materiality and intent by clear and convincing evidence . . . . Whereas an inference of deceptive intent must be reasonable and drawn from a pleading's allegations of underlying fact to satisfy Rule 9(b), this inference must be the single most reasonable inference able to be drawn from the evidence to meet the clear and convincing standard.").

4

17. In response to the rejection, Touboul submitted a declaration stating that "claims 1, 3, 4–6, 9, 10, 12–15 and 18" of the '494 Patent were conceived by him, prior to the filing date of the Ji Patent application. *Id.* at 16; *see also* Touboul Decl. at 1–2. After receiving Touboul's declaration, "[t]he Examiner allowed the claims . . . stating that '[t]he Declaration filed on May 7, 2013 under 37 CFR 1.131(a) is sufficient to overcome the Ji, U.S. 5,983,348 reference." Dkt. No. 25 at 17. According to Bitdefender, "when the '494 Patent was at risk, Mr. Touboul made a declaration to save it, claiming sole inventorship over 12 key claims, even though three others had previously declared they co-invented the 'subject matter. . . .'" Opp. at 2. As alleged, these facts are sufficient to support an inference that Touboul acted with intent to deceive the PTO. The Court therefore **DENIES** Plaintiff's motion to strike Bitdefender's thirteenth affirmative defense.

### B. Bitdefender's Remaining Affirmative Defenses

Finjan moves to strike Bitdefender's remaining defenses as inadequately pled under the *Twombly/Iqbal* standard. Reply at 4. As an initial matter, the parties dispute whether the *Twombly/Iqbal* plausibility standard extends to affirmative defenses, or whether a lesser showing is adequate. Defendant posits that the Ninth Circuit's decision in *Kohler v. Flava Enterprises, Inc.* established that the *Twombly/Iqbal* standard does not apply in this context. Opp. at 3–4; *see* 779 F.3d 1016, 1019 (9th Cir. 2015).

This Court has previously applied the *Twombly/Iqbal* standard to affirmative defenses. *See Fed. Trade Comm'n v. Directv, Inc.*, No. 15-CV-01129-HSG, 2015 WL 9268119, at *1 (N.D. Cal. Dec. 21, 2015) ("Although the Ninth Circuit has not yet addressed this question, the Court finds the reasoning of [a number of district courts] persuasive and will apply the *Twombly/Iqbal* standard. . . ."). The majority of courts in this district continue to apply this standard to affirmative defenses, reasoning that *Kohler* did not specifically address this issue. *See, e.g.*, *Murphy v. Trader Joe's*, No. 16-CV-02222-SI, 2017 WL 235193, at *2–3 (N.D. Cal. Jan. 19, 2017) ("The use of the specific phrase 'fair notice' prompted some district courts to reconsider the pleading standard for affirmative defenses . . . [but] *Kohler* did not directly address the pleading standard for affirmative defenses; the court touched on the issue only in passing. . . ."). The Court agrees, and continues to find that the *Twombly/Iqbal* standard applies. That standard does not

5

require "extensive factual allegations," but rejects "bare statements reciting mere legal conclusions." *Perez v. Gordon & Wong Law Grp., P.C*., No. 11-CV-3323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012).

### 1. Prosecution History Estoppel

Bitdefender asserts in its fourth affirmative defense that:

> The Plaintiff is estopped from asserting any interpretation of any valid claim of the '780, '299, '154, or '494 Patent to cover any of Bitdefender Inc.'s products used, imported, sold, or offered for sale, services, and/or methods of manufacture, and the Plaintiff's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution and/or reexaminations of the '780, '299, '154, or '494 Patent and/or any related patents or patent applications.

Dkt. No. 25 at 14. Prosecution history estoppel applies when a patentee attempts to assert infringement over certain subject matter that was surrendered during the patent prosecution process. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co*., 535 U.S. 722, 733–34 (2002). Such subject matter was likely surrendered in response to the PTO's rejection of a broad claim. *Id.* Thus, after narrowing the claim in order to receive approval, a patentee may not later claim infringement over the surrendered subject matter. *Id.*

Bitdefender adequately pleads this affirmative defense. Bitdefender's point that it had only twenty-one days to respond to Plaintiff's complaint, while Plaintiff had unlimited time to draft the complaint, is well taken. Under the circumstances, Bitdefender's allegations are sufficient, and the Court does not believe that a defendant is required to recount each patent's prosecution history at length in its affirmative defense pleading, as Plaintiff suggests. The Court therefore **DENIES** Plaintiff's motion to strike this defense.

### 2. Prosecution Laches

Bitdefender asserts in its fifth affirmative defense solely that "[t]he Plaintiff's claims are barred, in whole or in part, by prosecution laches." Dkt. No. 25 at 14. This affirmative defense is entirely devoid of factual content. The Court therefore finds that it does not meet the *Twombly/Iqbal* standard. *See Murphy,* 2017 WL 235193 at *3. Though Bitdefender refers to additional facts in its opposition to Plaintiff's motion to strike, those facts are not pled in the

6

answer, and the Court thus cannot consider them in ruling on Plaintiff's motion. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (finding that arguments in an opposition motion "are irrelevant for Rule 12(b)(6) purposes"). The Court **GRANTS** Finjan's motion to strike this defense.

### 3. Waiver

Bitdefender's ninth affirmative defense is again limited to one sentence: "The Plaintiff's claims are barred, in whole or in part, by waiver." Dkt. No. 25 at 15. A party asserting a waiver defense must allege that a plaintiff intentionally relinquished or abandoned a known right. *Catch a Wave, Inc. v. Sirius XM* Radio, No. C 12-05791 WHA, 2013 WL 1996134, at *2 (N.D. Cal. May 13, 2013).

On the face of Bitdefender's pleading, it is entirely unclear what right Bitdefender alleges Finjan waived. Bitdefender suggests that "facts supporting [its] waiver defense can be established through discovery." Opp. at 9. For that proposition, Bitdefender relies on *Synopsys*, 2017 WL 3485881 at *19. But *Synopsys* involved substantially fuller allegations. In *Synopsis*, the defendant alleged in its waiver defense that the plaintiff "waived the rights underlying its counterclaims . . . by [c]onsenting to the complained of conduct in agreeing to Synopsys' websites' terms of use. . . ." *Id.* at 18. The court reasoned that the fine print of the alleged agreement—"the applicable terms of use, when they were agreed to, and by whom"—would be determined in discovery. *Id.* at 19. Unlike Bitdefender's assertions in this case, the defendant in *Synopsis* at least presented facts supporting an inference that the plaintiff intentionally relinquished a known right by agreeing to the terms of use on the defendant's website. *Synopsys*, 2017 WL 3485881 at *19. Bitdefender, in contrast, alleges no facts supporting its waiver defense. The Court therefore **GRANTS** Finjan's motion to strike this defense.

### 4. Estoppel

Defendant asserts in its tenth affirmative defense that "[t]he Plaintiff's claims are barred, in whole or in part, by principles of estoppel, including equitable estoppel." Dkt. No. 25 at 15. "Estoppel is an equitable defense to a charge of patent infringement and, if proven, may entirely bar an infringement suit." *ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1063

7

(Fed. Cir. 1995). Three elements are required to prove estoppel. *Id*. "The first is that the patentee, through misleading conduct, leads the alleged infringer to reasonably infer that he does not intend to enforce the patent against the alleged infringer." *Id*. "The conduct may include specific statements, action, inaction, or silence where there was an obligation to speak." *Id*. Second, the alleged infringer must have substantially relied on the patentee's misleading conduct. *Id*. Third, the alleged infringer must show that it will be "materially prejudiced if the patentee is permitted to proceed with its infringement suit." *Id.* "Being an equitable doctrine, estoppel is committed to the sound discretion of the trial judge." *Id*.

Bitdefender's answer fails to plead facts supporting its estoppel claim. Though Bitdefender again references additional facts in its opposition, none of those facts are pled in its answer. The Court accordingly **GRANTS** Finjan's motion to strike this defense.

### 5. Unclean Hands

In its eleventh affirmative defense, Bitdefender claims that "the Plaintiff's claims are barred, in whole or in part, by unclean hands." Dkt. No. 25 at 15. "[A] defendant asserting that a plaintiff's claim is barred by unclean hands must show that the plaintiff acted unfairly or fraudulently respecting the matter in controversy." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 2311296, at *2 (N.D. Cal. May 26, 2017) (citing *Ample Bright Dev., Ltd. v. Comis Int'l*, 913 F. Supp. 2d 925, 940 (C.D. Cal. 2012)). "To establish unclean hands, a defendant must demonstrate (1) inequitable conduct by the plaintiff; (2) that the plaintiff's conduct directly relates to the claim which it has asserted against the defendant; and (3) plaintiff's conduct injured the defendant." *Id.* at 2.

Bitdefender asserts that "its extensive factual pleading in support of its . . . inequitable conduct [defense] . . . is . . . sufficient to meet the heightened pleading standard." Opp. at 8. But Bitdefender fails to allege any facts to show how Finjan's alleged misconduct relates to the underlying infringement claim, or how the alleged misconduct harmed Bitdefender. The Court **GRANTS** Plaintiff's motion to strike this defense.

## IV. LEAVE TO AMEND

A court "should grant leave to amend even if no request to amend the pleading was made,

8

unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation and citation omitted). Because it is possible that Bitdefender can allege additional facts to remedy the shortfalls discussed above, the Court grants Bitdefender leave to amend those affirmative defenses the Court found insufficiently pled. *See id.* Any amended answer must clearly and concisely state the basis for all affirmative defenses alleged as required by *Twombly/Iqbal*.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to strike Bitdefender's affirmative defenses. Any amended answer must be filed within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated: 4/17/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge