PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
AUSTIN MANES (State Bar No. 284065)
amanes@kramerlevin.com
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

OLEG ELKHUNOVICH (SBN 269238)
ksrinivasan@susmangodfrey.com
KALPANA SRINIVASAN (SBN 237460)
oelkhunovich@susmangodfrey.com
MICHAEL B. ADAMSON *(pro hac vice)*
madamson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150

IAN B. CROSBY *(pro hac vice)*
icrosby@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Telephone:  (206) 516-3800
Facsimile:  (206) 516-3883

*Attorneys for Defendants*
BITDEFENDER INC. and
BITDEFENDER S.R.L.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>BITDEFENDER INC., a Florida Corporation, and BITDEFENDER S.R.L., a Romanian Corporation.,<br><br>           Defendant. | Case No.: 4:17-cv-04790-HSG<br><br>**CORRECTED JOINT CLAIM CONSTRUCTION AND PRE-HEARING STATEMENT PURSUANT TO DKT. NO. 50** |

Pursuant to the Court's Scheduling Order (Dkt. No. 50) and Patent L.R. 4-3, Plaintiff Finjan, Inc. ("Finjan") and Defendants Bitdefender Inc. and Bitdefender S.R.L. (collectively, "Bitdefender" or "Defendant") hereby submit this Joint Claim Construction and Pre-Hearing Statement.

## I.   PATENT L.R. 4-3(a):  PROPOSED CONSTRUCTION OF EACH AGREED TERM.

The parties' agreed constructions are provided below.

| U.S. Patent No. 8,677,494 | | |
|---|---|---|
| **Claim Term** | **Claim(s)** | **Agreed Construction** |
| downloadable | 1, 2, 5, 6, 7, 10, 11, 14, 15, and 16 | an executable application program, which is downloaded from a source computer and run on the destination computer |
| database | 1, 2, 10, and 11 | a collection of interrelated data organized according to a database schema to serve one or more applications |

| U.S. Patent No. 6,804,780 | | |
|---|---|---|
| **Claim Term** | **Claim(s)** | **Agreed Construction** |
| downloadable | 1, 2, 5, 6, 9, 13, 14, and 18 | an executable application program, which is downloaded from a source computer and run on the destination computer |

## II.   PATENT L.R. 4-3(b):  PROPOSED CONSTRUCTION OF EACH DISPUTED TERM.

The parties' proposed additional claim constructions are provided below.  All supporting evidence for the parties' claim constructions is provided in Exhibit A.  The parties reserve their rights to cite additional supporting evidence based on arguments raised in the claim construction briefs.

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Defendants' Proposed Construction** |
| Suspicious computer operations | 1, 6, 10, and 15 | No construction necessary – Plain and ordinary meaning. Plain and ordinary meaning of "suspicious" is "hostile or potentially hostile." | Indefinite<br><br>Alternatively, "a subset of all possible computer operations that have been deemed suspicious prior to their inclusion in the list" |
| Downloadable scanner coupled with said receiver, for deriving security profile data for the | 10 | No construction necessary – Plain and ordinary meaning | This phrase should be construed pursuant to 35 U.S.C. § 112(6) to cover the corresponding structure disclosed in the '494 patent, namely the code scanner |

CORRECTED JOINT CLAIM CONSTRUCTION                    CASE NO.: 4:17-cv-04790-HSG
AND PRE-HEARING STATEMENT

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Defendants' Proposed Construction** |
| Downloadable | | | referred to in the '194 patent at 5:36–57, 9:20–33, and Fig. 7, and equivalents.<br><br>Alternatively, "a code scanner that uses parsing techniques to decompose code into constituent operations and identifies specified operations or patterns of operations" |
| Database manager | 10 and 11 | No construction necessary – Plain and ordinary meaning. Plain and ordinary meaning of database manager is hardware and/or software that controls a database. | "a program or programs that control a database so that the information it contains can be stored, retrieved, updated, and sorted" |

| U.S. Patent No. 6,804,780 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Defendants' Proposed Construction** |
| performing a hashing function on the Downloadable and the fetched software components to generate a Downloadable ID | 1, 9, and 18 | performing a hashing function on the Downloadable together with its fetched software components to generate a Downloadable ID | "performing a hashing function that operates across the combination of a Downloadable together with its fetched software components to transmute the Downloadable and its fetched software components into a unique and reproducible ID for that Downloadable" |
| Fetching | 1 and 18 | No construction necessary – Plain and ordinary meaning. Plain and ordinary of fetching is "retrieving." | "retrieving a software component that is not included in the Downloadable" |

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Defendants' Proposed Construction** |
| a content processor for (i) processing content received over a network | 1 | No construction necessary – Plain and ordinary meaning | This phrase should be construed pursuant to 35 U.S.C. § 112(6) to cover the corresponding structure disclosed in the '154 patent, namely the web browser |

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Defendants' Proposed Construction** |
| | | | referred to at 2:64–3:2 ("a conventional web browser"), 10:60–11:4 ("a web browser running on a client computer"), and 15:33–37 ("a web browser"), programmed to perform the operations described at 11:54–59, 12:62–13:3, and 15:52–56, and equivalents thereof.<br><br>Alternatively, "a web browser" |
| A call to a first function | 1 and 4 | No construction necessary – Plain and ordinary meaning | "a programmatic statement or instruction in the content, coded as the name of a function along with any parameters needed for the function to perform its task, requesting the services of a substitute function that was replaced for an original function within the content, at a gateway computer, prior to the content being received at the client computer" |
| A second function | 1 and 4 | No construction necessary – Plain and ordinary meaning | "the original function that was replaced with the previously identified substitute function call within the content, at a gateway computer, prior to the content being received at the client computer" |
| When the first function is invoked | 1 and 4 | No construction necessary – Plain and ordinary meaning | "in response to the first function being invoked" |

| U.S. Patent No. 7,930,299 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Defendants' Proposed Construction** |
| A warning of potential risk | 1, 13, 20, and 21 | No construction necessary – Plain and ordinary meaning | "an indication that a security assessment has not yet been performed by the content scanner, distinct from presenting potential security risks" |

3

CORRECTED JOINT CLAIM CONSTRUCTION          CASE NO.: 4:17-cv-04790-HSG
AND PRE-HEARING STATEMENT

**Finjan's Statement:**

Finjan objects to Bitdefender's citation of any evidence in support of its proposed constructions for all disputed terms because Bitdefender failed to provide a reasonable Patent L.R. 4-2(b) disclosure, as it provided over 90 pages of claims terms and did not meet and confer with Finjan regarding the terms it was actually going to present until the night before the Joint Claim Construction Statement was due.  Accordingly, Finjan reserves its right to introduce additional intrinsic and extrinsic evidence in its briefing based on Bitdefender's gamesmanship and dilatory tactics.  In addition, Finjan reserves the right to move to strike any evidence that Bitdefender may cite in its claim construction brief.

In response to Bitdefender's statement below, Finjan met and conferred with Bitdefender in good faith and provided several compromise constructions in light of Bitdefender's positions, in an attempt to narrow the number of disputes, which is precisely the purpose of the met and confer under the Patent Local Rules.  In fact, Finjan adopted several portions of BitDefender's constructions in an attempt to reach a compromise which is reflected in Finjan's constructions.  Within hours after the meet and confer and Bitdefender's refusal of Finjan's positions, Finjan sent Bitdefender support for its compromise constructions.  Bitdefender cannot claim any prejudice given Finjan's rapid response.  Furthermore, Bitdefender cannot claim any prejudice at all because Finjan will submit its opening brief first, which will allow Bitdefender to respond to any arguments that Finjan presents.[1]

**Bitdefender's Statement:**

Bitdefender objects to Finjan's citation of any evidence in support of its proposed constructions for all disputed terms except "performing a hashing function…" and "suspicious computer operations," because Finjan failed to previously disclose any evidence for those constructions as required by Patent L.R. 4-2(b) in its mandatory Exchange of Preliminary Claim Constructions and Extrinsic Evidence.  Bitdefender further objects to Finjan's citation of evidence for the first time in Exhibit A to this

---

[1] Contrary to Bitdefender's assertions, Finjan did not raise its objections for the first time in the Joint Claim Construction Statement.  Instead, Finjan expressed its concern regarding the number of terms Bitdefender had selected and it was not until the night before the Joint Claim Construction Statement that Bitdefender reduced the number of terms that it wanted to include in the Joint Claim Construction Statement to a manageable number for the parties to discuss.

CORRECTED JOINT CLAIM CONSTRUCTION                    CASE NO.: 4:17-cv-04790-HSG
AND PRE-HEARING STATEMENT

1  pleading in support of its constructions "performing a hashing function…" and "suspicious computer

2  operations" that was not disclosed in Finjan's Patent L.R. 4-2 Exchange.

3     The parties have been unable to resolve this objection prior to the submission of this pleading.

4  Bitdefender reserves the right to move to strike any evidence that Finjan may cite in its opening claim

5  construction brief that was not previously disclosed under Patent L.R. 4-2.

6     After Bitdefender objected to Finjan's attempt to rely on previously undisclosed or

7  insufficiently disclosed evidence, Finjan added its own objections above, complaining of "dilatory

8  tactics." Finjan's complaints—raised for the first time the day this Joint Statement is due—are without

9  merit. Bitdefender was the first to propose a meet and confer and did so on March 29. Finjan agreed to

10 meet and confer on April 3, but then requested to reschedule to April 4. Bitdefender was also the first

11 to send its proposed list of terms most significant for construction to Finjan. Finjan's response to that

12 email was that it "[was] going to wait until the meet and confer to discuss." In other words, contrary to

13 Finjan's "dilatory tactics" accusations, Bitdefender has been the proactive party in the meet-and-confer

14 efforts.

15    Moreover, the evidence Finjan provides as part of this Joint Claim Construction and Prehearing

16 Statement cannot be justified based on Finjan's claim of last-minute compromise. Bitdefender did

17 propose some compromise constructions both before and during the parties' meet and confer, but

18 Finjan rejected all such proposals All ten of Finjan's proposed constructions are "no construction

19 necessary"—it is hard to see how such constructions manifest a compromise of any kind. Also, the

20 volume of additional evidence Finjan cites is inconsistent with having developed such evidence

21 "[w]ithin hours after the meet and confer."

22 **III.   PATENT L.R. 4-3(c): IDENTIFICATION OF 10 TERMS, THE CONSTRUCTION OF**
23 **WHICH WILL BE MOST SIGNIFICANT TO RESOLUTION OF THE CASE.**

24    The parties hereby identify in the table below ten (10) terms per Patent L.R. 4-3(c):

25

26

| No. | Patent – Claim(s) | Term |
|-----|-------------------|------|
| 1 | '494 - 1, 6, 10, and 15 | Suspicious computer operations |
| 2 | '494 - 10 | Downloadable scanner coupled with said receiver, for deriving |

27

28

CORRECTED JOINT CLAIM CONSTRUCTION                    CASE NO.: 4:17-cv-04790-HSG
AND PRE-HEARING STATEMENT

| No. | Patent – Claim(s) | Term |
|-----|-------------------|------|
|     |                   | security profile data for the Downloadable |
| 3   | '494 - 10 and 11  | Database manager |
| 4   | '780 - 1, 9, and 18 | performing a hashing function on the Downloadable and the fetched software components to generate a Downloadable ID |
| 5   | '780 - 1 and 18   | Fetching |
| 6   | '154 - 1          | a content processor for (i) processing content received over a network |
| 7   | '154 - 1 and 4    | A call to a first function |
| 8   | '154 - 1 and 4    | A second function |
| 9   | '154 - 1 and 4    | When the first function is invoked |
| 10  | '299 - 1, 13, 20, and 21 | A warning of potential risk |

**Finjan's Statement:**

Finjan does not consider any of the disputed terms significant or case or claim dispositive.

**Bitdefender's Statement:**

Bitdefender considers each of the above ten terms to be highly significant to the resolution of the case and potentially dispositive with respect to at least a portion of the infringement that Finjan has claimed in this case.

**IV.    PATENT L.R. 4-3(d): TIME FOR CLAIM CONSTRUCTION HEARING.**

The parties anticipate that they will not require more than three (3) hours for the entire claim construction hearing.

**V.    PATENT L.R. 4-3(e): WITNESSES AT CLAIM CONSTRUCTION HEARING.**

**Finjan's Statement:**

Finjan intends to offer a declaration and may present live witness testimony from Dr. Nenad Medvidovic, University of Southern California, 941 Bloom Walk, Los Angeles, CA 90089, regarding a tutorial of the relevant technology, the technical background of the asserted patents, the qualifications of one of skill in the art at the time of the inventions, how the above terms are understood by one of

CORRECTED JOINT CLAIM CONSTRUCTION                 CASE NO.: 4:17-cv-04790-HSG
AND PRE-HEARING STATEMENT

skill in the art, and to support Finjan's claim construction positions. Furthermore, Dr. Nenad Medvidovic will and rebut any testimony or opinions offered by Defendant's expert witness.

Finjan objects to Bitdefender eliciting any declaration or testimony from any expert in support of its proposed constructions because Bitdefender failed to disclose any expert in its Patent L.R. 4-2 exchange. Accordingly, Finjan reserves the right to move to strike any declaration or testimony that Bitdefender may seek to elicit from any expert in support of its constructions and to move to exclude any expert from testifying at the Claim Construction Hearing.

In response to Bitdefender's statement below, each of the cases that Bitdefender cites supports the notion that Bitdefender cannot rely upon an expert that is not disclosed in its Patent L.R. 4-2 disclosure. Further, Bitdefender did not raise any objection to the description of Dr. Medvidovic's testimony until the evening before the Joint Claim Construction statement was due. As such, Bitdefender has waived any objections to the testimony of Dr. Medvidovic.

Furthermore, the description of Dr. Medvidovic's testimony is fully consistent with the requirements of Patent L.R. 4-3 and is commensurate with the description of expert testimony for claim construction purposes in at least the following five representative cases from this Court and District: *Finjan, Inc. v. Proofpoint, Inc., et al.*, Case No. 3:13-cv-05808-HSG (N.D. Cal.) at Dkt. No. 117; *Finjan, Inc. v. Symantec Corp.*, Case No. 3:14-cv-02998-HSG (N.D. Cal.) at Dkt. No. 150-1; *Finjan v. Sophos*, Case No. 14-cv-1197-WHO (N.D. Cal.) at Dkt. No. 54-1; *Finjan, Inc. v. Blue Coat Systems, Inc.*, Case No. 13-cv-3295-BLF (N.D. Cal.) at Dkt. No. 79; *Finjan, Inc. v. Blue Coat Systems, Inc.*, Case No. 13-cv-3999-BLF (N.D. Cal.) at Dkt. No. 59. The cases Bitdefender cites below are inapposite because they concern situations in which an offending party failed to identify an expert in its Patent L.R. 4-2 disclosure (*Asia Vital Components Co., Ltd.* and *GoPro, Inc.*), are not from this District (*Dexcom, Inc.*), or involve a situation in which a party submitted two expert reports (*Tristrata, Inc.*).

Instead of the irrelevant cases that Bitdefender cites, the current situation is more akin to the following authority from this District: *Reflex Packaging, Inc. v. Lenovo (U.S.), Inc.*, No. 10-01002-JW, 2011 WL 7295479, at *2-3 (N.D. Cal. Apr. 7, 2011) (denying motion to strike expert declaration in

CORRECTED JOINT CLAIM CONSTRUCTION                    CASE NO.: 4:17-cv-04790-HSG
AND PRE-HEARING STATEMENT

support of plaintiff's claim construction positions); *Cisco Systems Inc. v. Arista Networks, Inc.*, No. 14-cv-05344-BLF, 2016 WL 3277009, at *1 n.1 (N.D. Cal. June 15, 2016) (same); and *Acco Brands USA, LLC v. Comarco Wireless Techs., Inc.*, No. C 11-04378 RS, 2013 WL 12173593, at *1-3 (N.D. Cal. Mar. 6, 2013).  In all three of the foregoing cases, the Court allowed the declaration of an expert when the expert was identified in the offering party's Patent L.R. 4-2 disclosure, just as Dr. Medvidovic was identified in Finjan's Patent L.R. 4-2 disclosure here.  As such, Bitdefender's arguments are meritless.

**Bitdefender's Statement:**

Bitdefender objects to Finjan's eliciting any declaration or testimony from Dr. Medvidovic in support of its proposed constructions because Finjan failed to disclose the substance of any proposed testimony that it intends to elicit from Dr. Medvidovic as required by Patent L.R. 4-2(b) in its mandatory Exchange of Preliminary Claim Constructions and Extrinsic Evidence. Regarding any proposed testimony by Dr. Medvidovic, Finjan's Patent L.R. 4-2 disclosure stated,

> Finjan expects Dr. Medvidovic to testify regarding the scope of the asserted patents and the relevant technology. Finjan also expects Dr. Medvidovic to testify regarding the proper construction and/or plain and ordinary meaning of the terms identified below and any terms Bitdefender may identify in its disclosure. Finjan additionally expects Dr. Medvidovic to testify regarding the understanding of one of skill in the art at the time of the filing of the asserted patents.

This statement merely refers to the areas in which Finjan proposes to offer the testimony of Dr. Medvidovic, and thus fails to "provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction" as Patent L.R. 4-2(b) requires.

Bitdefender further objects to Finjan's eliciting any testimony from Dr. Medvidovic at the Claim Construction Hearing, because Finjan's Statement in this pleading likewise only indicates areas of potential testimony, and thus fails to comply with the requirement of Patent L.R. 4-3(e) to provide "for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction."[2] Moreover, Finjan offers no expert report for Dr. Medvidovic as

---

[2] Finjan's contention that Bitdefender "has waived any objections to the testimony of Dr. Medvidovic" is nonsense. Bitdefender raised this objection with plenty of time for the court to resolve the issue prior

8

required by Patent L.R. 4-3(b). *See Tristrata, Inc. v. Microsoft Corp.*, No. 11-cv-03797-JST, 2013 WL 12172909 at *2 (N.D. Cal. May 13, 2013) ("Local Rule 4-3(b) *does* require the filing of any expert report simultaneously with the [Joint Claim Construction and Prehearing Statement].");[3] *Dexcom, Inc. v. AgaMatrix, Inc.*, No. CV 16-05947 SJO (ASx), 2017 WL 3446211 at *8 (C.D. Cal. Aug. 1, 2017) (finding that a party failed to comply with Patent L.R. 4-3 where it dedicated a mere two paragraphs (compared to Finjan's one) to summarizing the testimony of its proposed witness for the claim construction hearing;[4] *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, No. 16-cv-07160-JST, 2018 WL 452109 at *2 (N.D. Cal. Jan. 17, 2018) (holding that a party violated Patent Local Rule 4-2 and 4-3 for failure to disclose expert report with the Joint Claim Construction and Prehearing Statement); *GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-cv-03590-JST, 2017 WL 23335377 at *3 (N.D. Cal. May 30, 2017) (same).

Finjan asserts that it has engaged in the practice to which Bitdefender objects in its other cases. But Finjan offers no evidence of what disclosures were made in those cases or that any defendant in those cases raised the issue of sufficiency of Finjan's disclosures under the Local Rules.

Finjan also relies on three cases, which it claims support its position that its Patent L.R. 4-2 disclosure was sufficient. However, those cases are easily distinguishable. In *Reflex Packaging*, the court based its decision on an unclean-hands-type reasoning, noting that the defendant's 4-2 disclosure was similar to the plaintiff's, which precluded the defendant from raising an objection of inadequacy.

---

to the claim construction hearing. And the filing of the Joint Claim Construction and Prehearing Statement often triggers objections over failures to comply with the Patent Local Rules, which courts routinely consider without any suggestion that such objections are too late. *See e.g., Tristrata,, Inc. v. Microsoft Corp.*, No. 12172909, 2013 WL 12172909 at *1–*3 (N.D. Cal. May 13, 2013) (resolving a dispute over expert disclosure triggered the day the Joint Claim Construction and Prehearing Statement was filed).

[3] Finjan asserts that *Tristrata* is "inapposite" because it involves a party that submitted two expert reports. But the holding of *Tristrata* on which Bitdefender relies is that parties are required to file any expert report at the time of the Joint Claim Construction and Prehearing Statement. That requirement is in full effect here, and the factual difference to which Finjan points is irrelevant.

[4] Contrary to what Finjan contends, *Dexcom* case is highly relevant because it interprets Patent Local Rules identical to those at issue here and relies upon case law from the Northern District of California to interpret those rules. *Dexcom*, 2017 WL 34462111 at *7–*8.

CORRECTED JOINT CLAIM CONSTRUCTION                    CASE NO.: 4:17-cv-04790-HSG
AND PRE-HEARING STATEMENT

2011 WL 7295479 at *2.  Here, Bitdefender did not make an expert 4-2 disclosure, and it only now proposes its own experts for claim construction for the off chance the court determines that expert testimony by undesignated witnesses is permissible. In *Cisco Systems*, the court devoted a single footnote to the question of whether the party's disclosure of expert opinions was sufficient under the Local Rules and did not quote such disclosure—the case therefore offers little or no help in assessing the factual situation at issue here. 2016 WL 3277009 at *1 n.1. Finally, in *Acco Brands*, the court held that prior disclosures were sufficient, but those included a specific delineation of four topics on which the expert would opine. 2013 WL 1217 3593 at * 2. Finjan's 4-2 disclosures fall well short of that. Moreover, none of these cases are at all responsive to Bitdefender's request for Dr. Medvidovic's expert report, which case law explicitly requires to be filed at the same time as this Joint Claim Construction and Prehearing Statement. *See Tristrata*, 2013 WL 12172909 at *2 ("Local Rule 4-3(b) *does* require the filing of any expert report simultaneously with the [Joint Claim Construction and Prehearing Statement].")

The parties have been unable to resolve these objections prior to the submission of this pleading. Bitdefender reserves the right to move to strike any declaration or testimony that Finjan may seek to elicit from Dr. Medvidovic in support of its constructions and to move to exclude Dr. Medvidovic from testifying at the Claim Construction Hearing.

Bitdefender further reserves the right to submit declarations or elicit testimony from at least the following expert witnesses in any area of testimony for which Finjan may be permitted to rely on Dr. Medvidovic in any way in connection with claim construction in this matter: (1) Dr. Seth Nielson, Johns Hopkins University, c/o Crimson Vista, 12210 Woodelves Dr., Owings Mills, MD 21117; (2) Dr. Vijay Madisetti, Georgia Institute of Technology, Van Leer Electrical Engineering Building, 777 Atlantic Dr. NW, Atlanta, GA 30332-0250; (3) Dr. Scott Schaefer, Department of Computer Science, Bright Building, 527B, 3112 Texas A&M University, College Station, TX 77843-3112.

## VI.   PATENT L.R. 4-3(F): REQUESTED FACTUAL FINDINGS.

No party requests any factual findings from the Court related to claim construction other than those submitted with any expert declaration that may accompany the claim construction briefing.

CORRECTED JOINT CLAIM CONSTRUCTION          CASE NO.: 4:17-cv-04790-HSG
AND PRE-HEARING STATEMENT

Respectfully submitted,

Dated:  April 23, 2018

By: _/s/ James Hannah_____
Paul J. Andre (State Bar No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
Austin Manes (State Bar No. 284065)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
amanes@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

Respectfully submitted,

Dated:  April 23, 2018

By: _/s/ Michael Adamson_____
Oleg Elkhunovich (State Bar No. 269238)
Kalpana Srinivasan (State Bar No. 237460
Michael B. Adamson *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com
madamson@susmangodfrey.com
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

Ian B. Crosby *(pro hac vice)*
SUSMAN GODFREY L.L.P
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Telephone:  (206) 516-3800
Facsimile:  (206) 516-3883
icrosby@susmangodfrey.com

*Counsel for Defendants*
BITDEFENDER  INC. and
BITDEFENDER S.R.L.

CORRECTED JOINT CLAIM CONSTRUCTION          CASE NO.: 4:17-cv-04790-HSG
AND PRE-HEARING STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.


_____*/s/ James Hannah*_____
James Hannah

CORRECTED JOINT CLAIM CONSTRUCTION
AND PRE-HEARING STATEMENT

CASE NO.: 4:17-cv-04790-HSG

Exhibit A

**EXHIBIT A**

I.      **U.S. Patent No. 8,677,494**

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| suspicious computer operations | 1, 6, 10, and 15 | No construction necessary – Plain and ordinary meaning.  Plain and ordinary meaning of "suspicious" is "hostile or potentially hostile."<br><br>Intrinsic Evidence<br>Abstract;<br>Figs. 1-8;<br>Claims 1-18;<br>Col. 1, ll. 5-45;<br>Col. 2, ll. 8-67;<br>Col. 3, ll. 1-21;<br>Col. 4, ll. 27-67<br>Col. 5, ll. 1-5, 60-67;<br>Col. 6, ll. 1-6, 26-55;<br>Col. 7, ll. 16-67;<br>Col. 8, ll. 1-30;<br>Col. 9, ll. 38-52;<br>Col. 10, ll. 20-67;<br>Col. 15, ll. 14-64;<br>Col. 16, ll. 5-20, 48-67;<br>Col. 17, ll. 59-67;<br>Col. 18, ll. 1-6, 56-67;<br>Col. 19, ll. 1-2, 16-67;<br>Col. 20, ll. 1-12, 35-67; and<br>Col. 21, ll. 1-17.<br><br>'494 Patent File History including:<br>Application No. 13/290,708;<br>November 7, 2011 Applicant's Preliminary | PROPOSED CONSTRUCTION:<br>Indefinite<br><br>Alternatively, "a subset of all possible computer operations that have been deemed suspicious prior to their inclusion in the list"<br><br>INTRINSIC EVIDENCE:<br>'494 patent, Abstract;  2:51–56<br>'780 patent, Fig. 6C; 2:35–40; 3:18–31; 4:42–46; 6:55–61; 9:39–44<br>'194 patent, Abstract; 3:9–22; 4:33–37; 5:54–6:4; 6:41–48; 9:23–29<br>'844 patent, Abstract; 4:20–33; 5:18–33;<br>'494 patent application, May 7, 2013 Office Action Response<br>IPR2015-01892, March 15, 2017 Written Decision |

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Amendment and Remarks; <br> July 23, 2013 Office Action – Non-Final Rejection; <br> October 23, 2012 Amendment and Response to Office Action; <br> January 7, 2013 Office Action – Final Rejection; <br> May 7, 2013 Amendment and Response to Office Action under 37 C.F.R. 1.114; <br> May 7, 2013 Declaration of Prior Invention in the United States to Overcome Cited Patent or Publication; and <br> August 29, 2013 Notice of Allowance. <br><br> Extrinsic Evidence <br> Testimony from Dr. Nenad Medvidovic regarding the meaning of claim term at issue from the perspective of one of skill in the art based on the intrinsic record and extrinsic evidence. <br><br> *Blue Coat Sys.*, 2014 WL 5361976 <br> December 11, 2007 Claim Construction Order – *Finjan Software, LTD. v. Secure Computer Corp. et al.*, C.A. No. 06-269. <br><br> February 29, 2012 Order Construing the Terms of U.S. Patent Nos. 6,092,194 & 6,480,962 – *Finjan Inc. v. McAfee, Inc. et al.* C.A. No. 10-cv-593 (GMS). <br><br> February 10, 2017 Claim Construction Order – <br> *Finjan, Inc. v. Symantec Corp.,* Case No. | |

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | 3:14-<br>cv-02998-HSG (N.D. Cal.)<br><br>March 14, 2017 Order re Post-trial Motions in *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>Any intrinsic and extrinsic evidence relied upon by Bitdefender.<br><br>Bitdefender's invalidity contentions. | |
| Downloadable scanner coupled with said receiver, for deriving security profile data for the Downloadable | 10 | No construction necessary – Plain and ordinary meaning.<br><br>Intrinsic Evidence<br>Exemplary citations include:<br>'494 patent at:<br>Abstract;<br>Claims 1-18;<br>FIGS. 1 – 12b;<br>Col. 1, ll. 7 – 55, 60 – 67;<br>Col. 2, ll. 1 – 47, 51 – 67;<br>Col. 3, ll. 1 – 67;<br>Col. 4, ll. 1 – 67;<br>Col. 5, ll. 1 – 5, 60 – 67;<br>Col. 6, ll. 1 – 55;<br>Col. 7, ll. 1 – 50;<br>Col. 8, ll. 24 – 67;<br>Col. 9, ll. 1 – 67;<br>Col. 10, ll. 1 – 67;<br>Col. 11, ll. 1 – 64;<br>Col. 12, ll. 19 – 67;<br>Col. 13, ll. 1 – 67;<br>Col. 14, ll. 1 – 54; | PROPOSED CONSTRUCTION:<br>This phrase should be construed pursuant to 35 U.S.C. § 112(6) to cover the corresponding structure disclosed in the '494 patent, namely the code scanner referred to in the '194 patent at 5:36–57, 9:20–33, and Fig. 7, and equivalents.<br><br>Alternatively, "a code scanner that uses parsing techniques to decompose code into constituent operations and identifies specified operations or patterns of operations"<br><br>INTRINSIC EVIDENCE:<br>'194 patent, Figs. 3, 6A, 7; 5:36–57; 9:20–33<br>'494 patent application, May 7, 2013 Office Action Response |

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Col. 15, ll. 1 – 67; Col. 16, ll. 1 – 67; Col. 17, ll. 45 – 67; Col. 18, ll. 1 – 67; Col. 19, ll. 1 – 47; Col. 20, ll. 12 – 67; Col. 21, ll. 1 – 17; <br><br> '494 File History <br><br> '780 patent at: Abstract; Claims 1-18; FIGS. 1 – 8 (Fig. 3 showing code scanner 325 and DSP data 310 and Fig. 7); Col. 1, ll. 31 – 67; Col. 2, ll. 1 – 44; Col. 4, ll. 3 – 67; Col. 5, ll. 25 – 67; Col. 6, ll. 1 – 67; Col. 7, ll. 60 – 67; Col. 8, ll. 1 – 67; Col. 9, ll. 11 – 67; Col. 10, ll. 1 – 21; <br><br> '780 File History <br><br> '086 Patent File History, including: September 20, 2010 Non-Final Rejection; <br><br> December 20, 2010 Amendment and Response to Office Action; June 15, 2011 Final Rejection; July 19, 2011 Amendment and Response to Office Action; and August | EXTRINSIC EVIDENCE; <br><br> A Dictionary of Computing 286, 447 (6th Ed. 2008) <br><br> A Dictionary of the Internet 262 (2001) <br><br> 2 Encyclopedia of Software Engineering 1865 (2d Ed. 2002) |

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | 10, 2011 Notice of Allowance.<br><br>U.S. Pat. No. 7,613,926 at:<br>Abstract;<br>Figs. 2, 4, 7a, 7b;<br>Claims 1, 8, 15, 22, 29, 30;<br>Col. 3, ll. 49-62;<br>Col. 8, ll. 17-64;<br>Col. 9, ll. 49-62;<br>Col. 11, ll. 41-57;<br>Col. 12, ll. 3-13, 44-67;<br>Col. 13, ll. 1-3, 25-38;<br>Col. 14, ll. 56-63; and<br>Col. 16, ll. 22-55.<br><br>'926 Patent File History, including:<br>February 25, 2009 Non-Final Rejection; May 26, 2009 Amendment and Response to Office Action; and August 6, 2009 Notice of Allowance.<br><br>U.S. Pat. No. 6,092,194 at:<br><br>Abstract;<br>Figs. 3, 6;<br>Col. 1, ll. 1–20;<br>Col. 1, ll. 60–67;<br>Col. 2, ll. 1–37;<br>Col. 3, ll. 10–40;<br>Col. 4, ll. 14–28;<br>Col. 5, ll. 36–67;<br>Col. 6, ll. 1–13;<br>Col. 6, ll. 37–59;<br>Col. 9, ll. 20-22; | |

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Col. 9, ll. 52–55<br><br>U.S. Provision Application 60/030639 at Abstract;<br>Claims: 1-6, 8;<br>Figs. 4, 6.<br>Col. 1, ll. 5-10;<br>Col. 1, ll. 15-20;<br>Col. 2, ll. 25-30;<br>Col. 3, ll. 1-20;<br>Col. 4, ll. 1-5;<br>Col. 6, ll. 10-15;<br>Col. 7, ll. 5-15;<br>Col. 8, ll. 20-30;<br>Col. 9, ll. 1-5,<br>Col. 10, ll. 5-20;<br>Col. 11, ll. 1-15;<br>Col. 13, ll. 5-20;<br>Col. 14, ll. 1-20<br><br>Extrinsic Evidence<br>Testimony from Dr. Nenad Medvidovic regarding the meaning of claim term at issue from the perspective of one of skill in the art based on the intrinsic record and extrinsic evidence.<br><br>*Blue Coat Sys.*, 2014 WL 5361976 December 11, 2007 Claim Construction Order – *Finjan Software, LTD. v. Secure Computer Corp. et al.*, C.A. No. 06-269.<br><br>February 29, 2012 Order Construing the Terms of U.S. Patent Nos. 6,092,194 & | |

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | 6,480,962 – *Finjan Inc. v. McAfee, Inc. et al.* C.A. No. 10-cv-593 (GMS). February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Corp.,* Case No. 3:14-cv-02998-HSG (N.D. Cal.) March 14, 2017 Order re Post-trial Motions in *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO. Any intrinsic and extrinsic evidence relied upon by Bitdefender. Bitdefender's invalidity contentions. | |
| Database manager | 10 and 11 | No construction necessary – Plain and ordinary meaning.  Plain and ordinary meaning of database manager is hardware and/or software that controls a database.  Intrinsic Evidence Exemplary citations include: '086 Patent at: Title; Abstract; Figs. 1-12; Claims 1-42; Col. 1, ll. 40–67; Col. 2, ll. 2-26, 30-67; Col. 3, ll. 1-67; Col. 4, ll. 1-52; Col. 5, ll. 45–67; | PROPOSED CONSTRUCTION: "a program or programs that control a database so that the information it contains can be stored, retrieved, updated, and sorted" INTRINSIC EVIDENCE: '494 patent, Fig. 2, Fig. 4, Fig. 6a; 3:30–35; 8:31–54; 9:16–20; 12:1–4; 12:19–37; 17:1–14 '194 patent, Fig. 5; 4:13–18; 7:7–16 '494 patent application, May 7, 2013 Office Action Response IPR2015-01892, March 8, 2016 Grant of |

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | U.S. Pat. No. 6,804,780 at:<br>Abstract;<br>Figs. 1– 8;<br>Col. 5, ll. 45–67;<br>Col. 6, ll. 1-36.<br>U.S. Pat. No. 6,092,194 at:<br>Abstract;<br>Figs. 1-7,<br>Col. 6, ll. 5-19<br>Col. 9, ll. 65-67;<br>Col. 10, ll. 10:1.<br><br>U.S. Provisional 60/030,639:<br>Title;<br>Abstract;<br>Claims 1-8;<br>Figs. 1-7 (see Figs. 2 and 3 – First comparator 320 retrieving DSP data 310 from Security database 240);<br>pages 8-11, 14-15 ("first comparator 320 in step 546 retrieves the DSP data 310 corresponding to the known non-hostile Downloadable…".<br><br>File History of the '194, '086, and '780.<br>*Symantec Corp. v. Finjan, Inc.*, February 26, 2016 Decision Denying Institution of Inter Partes Review –IPR2015-01895, Paper No. 7.<br>*Blue Coat Sys. Inc. v. Finjan, Inc.*, February 16, 2017 Decision Denying Institution of Inter Partes Review –IPR2016-01444, Paper No. 9.<br>*Palo Alto Networks v. Finjan, Inc.*, February 9, | IPR, at 2<br><br>IPR2015-01892, March 8, 2016 Grant of IPR, at 19<br><br>IPR2016-00159, May 13, 2016 Grant of IPR<br><br>IPR2015-01892, March 15, 2017 Written Decision<br><br>EXTRINSIC EVIDENCE:<br><br>A Dictionary of Computing 125–26 (6th Ed. 2008)<br><br>Dictionary of Computer Science, Engineering, and Technology 118 (2001)<br><br>A Dictionary of the Internet 77–78 (2001) |

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | 2016 Decision Denying Institution of Inter Partes Review –IPR2016-00145, Paper No. 9. *Sophos Inc. v. Finjan, Inc.*, September 24, 2015 Decision Denying Institution of Inter Partes Review –IPR2015-00907, Paper No. 8. Control No. 90/013,015 Control No. 90/013,147 Control No. 90/013,654<br><br>Extrinsic Evidence<br>Testimony from Dr. Nenad Medvidovic regarding the meaning of claim term at issue from the perspective of one of skill in the art based on the intrinsic record and extrinsic evidence.<br><br>*Blue Coat Sys.*, 2014 WL 5361976 December 11, 2007 Claim Construction Order – *Finjan Software, LTD. v. Secure Computer Corp. et al.*, C.A. No. 06-269.<br><br>February 29, 2012 Order Construing the Terms of U.S. Patent Nos. 6,092,194 & 6,480,962 – *Finjan Inc. v. McAfee, Inc. et al.* C.A. No. 10-cv-593 (GMS).<br><br>February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Corp.*, Case No. 3:14-cv-02998-HSG (N.D. Cal.)<br><br>March 14, 2017 Order re Post-trial Motions in *Finjan v. Sophos*, N.D. Cal. Case No. 14- | |

| U.S. Patent No. 8,677,494 | | | |
|---|---|---|---|
| Claim Term | Claim(s) | Finjan's Proposed Construction | Bitdefender's Proposed Construction |
| | | cv-1197-WHO.<br><br>Any intrinsic and extrinsic evidence relied upon by Bitdefender.<br><br>Bitdefender's invalidity contentions. | |

## II.    U.S. Patent No. 6,804,780

| U.S. Patent No. 6,804,780 | | | |
|---|---|---|---|
| Claim Term | Claim(s) | Finjan's Proposed Construction | Bitdefender's Proposed Construction |
| performing a hashing function on the Downloadable and the fetched software components to generate a Downloadable ID | 1, 9, and 18 | performing a hashing function on the Downloadable together with its fetched software components to generate a Downloadable ID<br><br>Intrinsic Evidence<br>Exemplary citations include:<br>'780 Patent, Abstract;<br>Claims 1, 9, 15, 16, 17;<br>Figs. 1–8 (Fig. 8);<br>Col. 1, ll. 66 – 67;<br>Col. 2, ll. 1 – 16,<br>Col. 4, ll. 3 – 22, 50 – 67;<br>Col. 5, ll. 1 – 3;<br>Col. 9, ll. 58 – 67;<br>Col. 10, ll. 1 – 5.<br><br>'780 Patent File History, including:<br>Provisional Application No. 60/030,639;<br>June 26, 2003 Non-Final | PROPOSED CONSTRUCTION:<br>"performing a hashing function that operates across the combination of a Downloadable together with its fetched software components to transmute the Downloadable and its fetched software components into a unique and reproducible ID for that Downloadable"<br><br>INTRINSIC EVIDENCE:<br><br>'780 patent, Fig. 8; Abstract; 2:12–16; 3:1–3; 4:50–5:67; 4:54–56; 6:21–23; 7:62–67; 8:32–35; 8:63–67; 9:65–10:5; 9:58–10:5<br><br>'780 patent application, August 4, 2003 Office Action Response<br><br>'780 patent application, February 25, 2004 Request for Continued Examination<br><br>IPR2016-00165, Denial of IPR |

| | U.S. Patent No. 6,804,780 | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Rejection;<br>July 1, 2003 Office Action;<br>August 4, 2003 Response to Non-Final Office Action;<br>October 27, 2003 Final Rejection;<br>February 27, 2004 Request for Continued Examination; and<br>May 17, 2004 Examiner's Amendment.<br><br>*Palo Alto Networks, Inc. v. Finjan, Inc.*, IPR2016-00165, Decision Denying Institution, Paper No. 7.<br><br><u>Extrinsic Evidence</u><br>Testimony from Dr. Nenad Medvidovic regarding the meaning of the claim term from the perspective of one of skill in the art based on the intrinsic record and extrinsic evidence.<br><br>December 11, 2007 Claim Construction Order in Finjan Software, Ltd. v. Secure Computing Corporation, et al., Civ. Action No. 06-369 (GMS) (D. Del.)<br><br>August 24, 2007 Joint Claim Construction Chart in Finjan Software, Ltd. v. Secure Computing Corporation, et al., Civ. Action No. 06-369 (GMS) (D. Del.)<br><br>May 2, 2014 Joint Claim Construction and Pre-Hearing Statement – Finjan, Inc. v. Blue Coat Systems, Inc., Civ. No. 5:13-cv-03999-BLF. | |

| U.S. Patent No. 6,804,780 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | October 20, 2014 Claim Construction Order – *Finjan, Inc. v. Blue Coat Systems, Inc.*, N.D. Cal. Case No. 13-cv-3999-BLF.<br><br>March 14, 2017 Order re Post-trial Motions in *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>November 14, 2017 Claim Construction Order – *Finjan, Inc.* v. *ESET, LLC*, N.D. Cal. Case No. 3:17-cv-0183-CAB-(BGS) *Blue Coat Sys.*, 2014 WL 5361976, at *2<br><br>April 21, 2016 PTAB Decision Denying Institution in IPR2016-00165.<br><br>IBM Dictionary of Computing, Tenth Edition at 265, published 1994 by McGraw-Hill, Inc. and edited by George McDaniel.<br><br>Any intrinsic and extrinsic evidence relied upon by Bitdefender.<br><br>Bitdefender's Invalidity Contentions. | |
| fetching | 1 and 18 | No construction necessary – Plain and ordinary meaning.  Plain and ordinary of fetching is "retrieving."<br><br>Intrinsic Evidence<br>Exemplary citations include:<br>'780 patent at:<br>Abstract;<br>Claims 1, 9, 17, 18; | PROPOSED CONSTRUCTION:<br>"retrieving a software component that is not included in the Downloadable"<br><br>INTRINSIC EVIDENCE:<br><br>'780 patent, Abstract ; Fig. 6B, Fig. 8 ; 2:12–16; 4:56–63; 6:52–55; 9:5–10 |

| | | U.S. Patent No. 6,804,780 | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | FIGS. 6A-C, 8; 2:11-2:16; 4:50-58; 5:45-5:67; 7:60-8:6; 9:1-9:9; 9:58-10:5; 10:6-10:21.<br><br>Extrinsic Evidence<br>Testimony from Dr. Nenad Medvidovic regarding the meaning of the claim term from the perspective of one of skill in the art based on the intrinsic record and extrinsic evidence.<br><br>December 11, 2007 Claim Construction Order in Finjan Software, Ltd. v. Secure Computing Corporation, et al., Civ. Action No. 06-369 (GMS) (D. Del.)<br><br>August 24, 2007 Joint Claim Construction Chart in Finjan Software, Ltd. v. Secure Computing Corporation, et al., Civ. Action No. 06-369 (GMS) (D. Del.)<br><br>May 2, 2014 Joint Claim Construction and Pre-Hearing Statement – Finjan, Inc. v. Blue Coat Systems, Inc., Civ. No. 5:13-cv-03999-BLF.<br><br>October 20, 2014 Claim Construction Order – *Finjan, Inc. v. Blue Coat Systems, Inc.*, N.D. Cal. Case No. 13-cv-3999-BLF.<br><br>March 14, 2017 Order re Post-trial Motions in *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO. | '780 patent application, August 4, 2003 Office Action Response<br><br>'780 patent application, February 25, 2004 Request for Continued Examination<br><br>IPR2016-00165, Patent Owner's Preliminary Response<br><br>IPR2016-00492, Patent Owner's Preliminary Response<br><br>IPR2016-00165, Denial of IPR |

| U.S. Patent No. 6,804,780 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | November 14, 2017 Claim Construction Order – *Finjan, Inc.* v. *ESET, LLC*, N.D. Cal. Case No. 3:17-cv-0183-CAB-(BGS) | |
| | | October 4, 2007 Finjan's Answering Claim Construction Brief - *Finjan Software, LTD., v. Secure Computing Corp.*, C.A. No. 06-369 | |
| | | IBM Dictionary of Computing, Tenth Edition at 265, published 1994 by McGraw-Hill, Inc. and edited by George McDaniel. | |
| | | MPEP 2111.01 | |
| | | Any intrinsic and extrinsic evidence relied upon by Bitdefender. | |
| | | Bitdefender's Invalidity Contentions. | |

### III.    U.S. Patent No. 8,141,154

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| a content processor for (i) processing content received over a network | 1 | No construction necessary – Plain and ordinary meaning.<br><br>Intrinsic Evidence<br>Exemplary citations include:<br>Abstract;<br>Figs. 1–5;<br>Claims 1 – 12;<br>Col. 2, ll. 64 – 67 (example of software application running on a computer that process | PROPOSED CONSTRUCTION:<br><br>This phrase should be construed pursuant to 35 U.S.C. § 112(6) to cover the corresponding structure disclosed in the '154 patent, namely the web browser referred to at 2:64–3:2 ("a conventional web browser"), 10:60–11:4 ("a web browser running on a client computer"), and 15:33–37 ("a web browser"), programmed to perform the operations described at 11:54– |

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Internet content);<br>Col. 3, ll. 1 – 30;<br>Col. 4, ll. 55 – 60<br>Col. 5, ll. 4 – 25 (second function can be the original function), 26 – 67;<br>Col. 6, ll. 1 – 3;<br>Col. 7, ll. 20 – 31;<br>Col., 10, ll. 15 – 67 (web browser running on a client computer);<br>Col. 11, ll. 41 – 67;<br>Col. 12, ll. ll. 1–67;<br>Col. 15, ll. 14 – 64.<br><br>'154 Patent File History, including:<br>June 28, 2011 Non-Final Rejection; October 5, 2011 Amendment and Response to Office Action; and December 22, 2011 Notice of Allowance.<br><br>Symantec Corp. v. Finjan, Inc., IPR2015-01547, including Petition to Institute IPR (Paper No. 1), Davidson Declaration (Ex. 1010), Decision Denying Institution (Paper No. 9).<br><br>Extrinsic Evidence<br>Testimony from Dr. Nenad Medvidovic regarding the meaning of the term from the perspective of one of skill in the art based on the intrinsic record and extrinsic evidence.<br><br>March 2, 2015 Claim Construction Order – *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO. | 59, 12:62–13:3, and 15:52–56, and equivalents thereof.<br><br>Alternatively, "a web browser"<br><br>INTRINSIC EVIDENCE:<br><br>'154 patent, Abstract; Fig. 1, Fig. 4; 2:64–3:2; 3:19–24; 5:48–52; 10:60–11:4; 11:54–59; 12:7–11; 12:62–13:3; 15:33–37; 15:52–56<br><br>IPR2015-01979, March 21, 2016 IPR Grant |

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc., et al.,* Case No. 3:13-cv-05808-HSG (N.D. Cal.)<br><br>February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Corp.,* Case No. 3:14-cv-02998-HSG (N.D. Cal.)<br><br>March 14, 2017 Order re Post-trial Motions in *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>Any intrinsic and extrinsic evidence relied upon by Bitdefender.<br><br>Bitdefender's invalidity contentions. | |
| a call to a first function | 1 and 4 | No construction necessary – Plain and ordinary meaning.<br><br>Dictionary/Treatise Definitions<br>Barron's Business Guides Dictionary of Computer and Internet Terms, Eighth Edition at 212.<br><br>Intrinsic Evidence<br>Exemplary citations include:<br>'154 Patent at Abstract;<br>Claims 1, 3, 4, 5, 6, 10, 11;<br>FIGS. 1, 2, 3, 4, 5;<br>1:5-3:13; 3:30-38; 3:50-65; 3:65-4:8; 4:9-26; 4:30-4:55; 5:4-7:50; 8:10-11:5; 11:6-13:7; 13:24-16:6, 16:7-17:30;<br>Table I, Table II, Table III. | PROPOSED CONSTRUCTION:<br><br>"a programmatic statement or instruction in the content, coded as the name of a function along with any parameters needed for the function to perform its task, requesting the services of a substitute function that was replaced for an original function within the content, at a gateway computer, prior to the content being received at the client computer"<br><br>INTRINSIC EVIDENCE:<br><br>154 patent, Abstract; Fig. 3, Fig. 5, Table I, Table II, Table III; 4:55–60; 5:2–6:65 14; 7:8–19; 9:13–28; 9: 36–41; 9:64–67; 10:10–14; 10:30–39; 11:5–10; 12:7–17; 12: 43–53; 13: |

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | '154 Patent File History including: Application No. 12/814,584; Office Action – Non-Final Rejection mailed June 28, 2011; Amendment and Response to Office Action made October 5, 2011; Notice of Allowance mailed December 22, 2011; Petition, Amendment and Applicant Arguments/Remarks Made in an Amendment made October 16, 2013; Certificate of Correction made on February 25, 2014.<br><br>'289 Patent at Abstract; Claims 1, 3, 10, 11, 12, 19, 21, 22, 23, 24, 25, 27, 30, 31, 32, 35, 37, 41, 42, 43; FIGS. 1, 2, 3, 4, 5; 4:64-5:62; 5:63-7:16; 9:22-11:31; 12:5-13:37; 13:58-14:64; 16:1-17:60; Table I, Table II, Table III.<br><br>'289 Patent File History including: Application No. 11/289,475; Requirement for Restriction/Election mailed June 15, 2009; Response to Restriction/Election made July 9, 2009; Office Action – Non-Final Rejection mailed September 17, 2009; Amendment and Response to Office Action made December 17, 2009; Notice of Allowance mailed March 20, 2010.<br><br>Extrinsic Evidence<br>Testimony from Dr. Nenad Medvidovic regarding the meaning of the term from the perspective of one of skill in the art based on the intrinsic record and extrinsic evidence. | 29–36; 13:56–59; 14:1–6; 14:21–24; 15:47–64; 16: 13–21; 16:22–32<br><br>IPR2015-01979, March 21, 2016 IPR Grant<br><br>IPR2015-01979, Final Written Decision<br><br>IPR2016-00151, March 15, 2017 Written Decision<br><br>Medvidovic Declaration, Ex. 2035 in IPR2016-00151<br><br>EXTRINSIC EVIDENCE:<br><br>Microsoft Press Computer Dictionary, Ex. 2013 in IPR2016-00151<br><br>Webster's New World Computer Dictionary 60 (10th Ed. 2003)<br><br>Dictionary of Computer Science, Engineering, and Technology 62, 200 (2001) |

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | May 1, 2015, Declaration of Nenad Medvidovic In Support of Plaintiff Finjan, Inc.'s Opening Claim Brief, *Finjan, Inc. v. Proofpoint, Inc., et al.*, Case No. 13-cv-05808-HSG.<br><br>March 2, 2015 Claim Construction Order – *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc., et al.,* Case No. 3:13-cv-05808-HSG (N.D. Cal.)<br><br>February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Corp.,* Case No. 3:14-cv-02998-HSG (N.D. Cal.)<br><br>March 14, 2017 Order re Post-trial Motions in *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>Any intrinsic and extrinsic evidence relied upon by Bitdefender.<br><br>Bitdefender's invalidity contentions. | |
| a second function | 1 and 4 | No construction necessary – Plain and ordinary meaning.<br><br>Dictionary/Treatise Definitions<br>Barron's Business Guides Dictionary of Computer and Internet Terms, Eighth Edition at 212. | PROPOSED CONSTRUCTION:<br><br>"the original function that was replaced with the previously identified substitute function call within the content, at a gateway computer, prior to the content being received at the client |

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Claim Construction Order(s)<br>December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc., et al.*, Case No. 13-cv-05808-HSG (construing term as plain and ordinary meaning).<br><br>Intrinsic Evidence<br>Exemplary citations include:<br>Abstract;<br>Figs. 1–5 (Fig. 2 shows second function is invoked only after the security computer indicates that the invocation is safe, while the original function is replaced by the substitute function at the gateway, before the security computer receives the content);<br>Claims 1, 4, 6, 10;<br>Col. 4, ll. 55 – 60<br>Col. 5, ll. 4 – 25 (second function can be the original function)<br>Col., 10, ll. 15 – 60;<br>Col. 17, ll. 39 – 44;<br><br>'154 Patent File History, including:<br>June 28, 2011 Non-Final Rejection; October 5, 2011 Amendment and Response to Office Action; and December 22, 2011 Notice of Allowance.<br><br>Symantec Corp. v. Finjan, Inc., IPR2015-01547, including:<br>Petition for Inter Partes Review, Paper No. 1<br>Davidson Decl. (Ex. 1010) | computer"<br><br>INTRINSIC EVIDENCE:<br><br>'154 patent, Abstract; Fig. 3, Fig. 5, Table I, Table II, Table III; 4:55–60; 5:2–6:65 14; 7:8–19; 9:13–28; 9:36–41; 9:64–67; 10:10–14; 10:30–39; 11:5–10; 12:7–17; 12:43–53; 13:29–36; 13:56–59; 14:1–6; 14:21–24; 15:47–64 ;16:13–21; 16:22–32<br><br>IPR2015-01979, March 21, 2016 IPR Grant<br><br>IPR2015-01979, Final Written Decision<br><br>IPR2016-00151, March 15, 2017 Written Decision<br><br>Medvidovic Declaration, Ex. 2035 in IPR2016-00151 |

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Extrinsic Evidence<br>Testimony from Dr. Nenad Medvidovic regarding the meaning of the term from the perspective of one of skill in the art based on the intrinsic record and extrinsic evidence.<br><br>May 1, 2015, Declaration of Nenad Medvidovic In Support of Plaintiff Finjan, Inc.'s Opening Claim Brief, *Finjan, Inc. v. Proofpoint, Inc., et al.*, Case No. 13-cv-05808-HSG.<br><br>March 2, 2015 Claim Construction Order – *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc., et al.,* Case No. 3:13-cv-05808-HSG (N.D. Cal.)<br><br>February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Corp.,* Case No. 3:14-cv-02998-HSG (N.D. Cal.)<br><br>March 14, 2017 Order re Post-trial Motions in *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>Any intrinsic and extrinsic evidence relied upon by Bitdefender.<br><br>Bitdefender's invalidity contentions. | |
| when the first function is invoked | 1 and 4 | No construction necessary – Plain and ordinary meaning. | PROPOSED CONSTRUCTION: |

| | | | |
|---|---|---|---|
| **U.S. Patent No. 8,141,154** | | | |
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Intrinsic Evidence<br>Exemplary citations include:<br>Abstract;<br>Figs. 1–5;<br>Claims 1 – 12;<br>Col. 2, ll. 64 – 67 (example of software application running on a computer that process Internet content);<br>Col. 3, ll. 1 – 30;<br>Col. 4, ll. 55 – 60<br>Col. 5, ll. 4 – 25 (second function can be the original function), 26 – 67;<br>Col. 6, ll. 1 – 3;<br>Col. 7, ll. 20 – 31;<br>Col., 10, ll. 15 – 67 (web browser running on a client computer);<br>Col. 11, ll. 41 – 67;<br>Col. 12, ll. ll. 1–67;<br>Col. 15, ll. 14 – 64.<br><br>'154 Patent File History, including:<br>June 28, 2011 Non-Final Rejection; October 5, 2011 Amendment and Response to Office Action; and December 22, 2011 Notice of Allowance.<br><br>Symantec Corp. v. Finjan, Inc., IPR2015-01547, including Petition to Institute IPR (Paper No. 1), Davidson Declaration (Ex. 1010), Decision Denying Institution (Paper No. 9).<br><br>Extrinsic Evidence | "in response to the first function being invoked"<br><br><br>INTRINSIC EVIDENCE:<br><br>'154 patent, Abstract; Fig. 3, Fig. 5, Table I, Table II, Table III; 4:55–60; 5:2–6:65 14; 7:8–19; 9:13–28; 9:36–41; 9:64–67; 10:10–14; 10:30–39; 11:5–10; 12:7–17; 12:43–53; 13:29–36; 13:56–59; 14:1–6; 14:21–24; 15:47–64; 16:13–21; 16:22–32<br><br>'154 patent application, October 5, 2011 Office Action Response<br><br>IPR2015-01979, March 21, 2016 IPR Grant<br><br>IPR2016-00151, March 15, 2017 Written Decision |

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Testimony from Dr. Nenad Medvidovic regarding the meaning of the term from the perspective of one of skill in the art based on the intrinsic record and extrinsic evidence.<br><br>May 1, 2015, Declaration of Nenad Medvidovic In Support of Plaintiff Finjan, Inc.'s Opening Claim Brief, *Finjan, Inc. v. Proofpoint, Inc., et al.*, Case No. 13-cv-05808-HSG.<br><br>March 2, 2015 Claim Construction Order – *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>December 3, 2015 Claim Construction Order – *Finjan, Inc. v. Proofpoint, Inc., et al.,* Case No. 3:13-cv-05808-HSG (N.D. Cal.)<br><br>February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Corp.,* Case No. 3:14-cv-02998-HSG (N.D. Cal.)<br><br>March 14, 2017 Order re Post-trial Motions in *Finjan v. Sophos*, N.D. Cal. Case No. 14-cv-1197-WHO.<br><br>Dictionary/Treatise Definitions<br>Barron's Business Guides Dictionary of Computer and Internet Terms, Eighth Edition at 212.<br><br>IBM Dictionary of Computing, Tenth Edition at 358, published 1994 by McGraw- | |

| U.S. Patent No. 8,141,154 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Hill, Inc. and edited by George McDaniel.<br><br>Any intrinsic and extrinsic evidence relied upon by Bitdefender.<br><br>Bitdefender's invalidity contentions. | |

## IV.    U.S. Patent No. 7,930,299

| U.S. Patent No. 7,930,299 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| a warning of potential risk | 1, 13, 20, and 21 | No construction necessary – plain and ordinary meaning.<br><br>Intrinsic Evidence<br>Exemplary citations include:<br>'299 Patent, Abstract;<br>Claims 1-21;<br>Figs. 1–8;<br>Col. 1, ll. 55– 67;<br>Col. 2, ll. 12-67;<br>Col. 3, ll. 1-15;<br>Col. 4, ll. 29-58;<br>Col. 6, ll. 55-65;<br>Col. 7, ll. 50-65;<br>Col. 8, ll. 1-9, 54-67;<br>Col. 9, ll. 23-45, 65-67;<br>Col. 10, ll. 1-67;<br>Col. 12, ll. 29-45.<br><br>'299 Patent File History, including: December 8, 2008 Amendment and Response to Office Action;   May   6,   2009   Amendment   and | PROPOSED CONSTRUCTION:<br>"an indication that a security assessment has not yet been performed by the content scanner, distinct from presenting potential security risks"<br><br>INTRINSIC EVIDENCE:<br>'299 patent, Abstract; Fig. 4, Fig. 5, Fig. 6, Fig. 7, Fig. 8, Fig. 9, Fig. 10; 4:33–43; 4:54–57; 7:16–25; 7:26–37<br><br>'299 patent application, Dec. 8, 2008 Office Action Response<br><br>'299 patent application, May 6, 2009 Office Action Response<br><br>'299 patent application, February 1, 2010 Office Action Response<br><br>'299 patent application, September 10, 2010 Office Action Response |

| U.S. Patent No. 7,930,299 | | | |
|---|---|---|---|
| **Claim Term** | **Claim(s)** | **Finjan's Proposed Construction** | **Bitdefender's Proposed Construction** |
| | | Response to Office Action; February 1, 2010 Amendment and Response to Office Action; September 10, 2010 Amendment and Response to Office Action; and December 23, 2010 Notice of Allowance.<br><br>Extrinsic Evidence<br>Testimony from Dr. Nenad Medvidovic regarding the meaning of the claim term from the perspective of one of skill in the art based on the intrinsic record and extrinsic evidence.<br><br>February 10, 2017 Claim Construction Order – *Finjan, Inc. v. Symantec Corp.,* Case No. 3:14-cv-02998-HSG (N.D. Cal.)<br><br>Bitdefender's Invalidity Contentions.<br><br>Any intrinsic and extrinsic evidence relied upon by Bitdefender. | |