UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br><br>  Plaintiff, <br><br> v. <br><br> BITDEFENDER INC., et al., <br><br>  Defendants. | Case No. 17-cv-04790-HSG (TSH) <br><br> **ORDER COMPELLING DISCOVERY RESPONSE** <br><br> Re: Dkt. No. 107 |

The Court held a telephonic hearing today regarding a joint discovery letter brief submitted by Defendants Bitdefender Inc. and Bitdefender S.R.L. (together, "Bitdefender") and Plaintiff Finjan, Inc., ECF No. 107, concerning Finjan's objections to Interrogatory No. 5, which asks: "For each Bitdefender Accused Product, separately and on a limitation-by-limitation basis in chart format, identify the source code by listing the full directory path, file name, function or procedure name (if applicable), and line numbers that Finjan will rely on to support its contention that such Bitdefender Accused Product meets each limitation of each Asserted Claim of each Accused Patent."

This is a request for pinpoint citations to source code. Pinpoint citations such as this are not necessarily required in the infringement contentions required by Patent Local Rule 3-1. *See Finjan, Inc. v. Proofpoint, Inc.*, 2015 WL 9023166, at *3 (N.D. Cal. Dec. 16, 2015) ("Having reviewed both the text of Rule 3-1 and the relevant case law, the Court finds that pinpoint citations to source code are not a *per se* requirement in patent cases involving software."). However, several courts have required them when an interrogatory requested them, and the accused infringer had made its source code available for inspection. *See Finjan, Inc. v. Sophos*, 2015 WL 5012679, at *3 (N.D. Cal. Aug. 24, 2015) ("Several courts have held that once a plaintiff has had a sufficient opportunity to review the defendant's source code, the plaintiff must provide citations to the source code in response to an interrogatory."); *Vasudevan Software, Inc. v. IBM Corp.*, 2011 WL

940263, at *7 (N.D. Cal. Feb. 18, 2011) ("[T]he authority is clear that a plaintiff should provide citations once a plaintiff has had a sufficient opportunity to review the source code, at least with respect to contentions that are or may be based upon it."); *Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 1228 (C.D. Cal. 2010) ("Because [defendant] provided [plaintiff] with the source code for its accused programs over four months ago, and the case itself has been pending [for more than a year], [plaintiff] can no longer delay the production of infringement charts with citations to source code."). These cases are persuasive, and Finjan offers no good reason not to follow them.

Most of the arguments set forth in the letter brief evaporated at the hearing. Bitdefender has provided the server-side source code for Sandbox Analyzer that Finjan complained was missing. Bitdefender has also provided the technical documents that Finjan said it needed to answer the interrogatory. Even though Finjan had done minimal source code analysis from last October to the time the letter brief was filed, it has now begun the analysis in earnest. Further, Finjan is scheduled to depose Bitdefender's Rule 30(b)(6) source code custodian in about two weeks. At the hearing, Finjan acknowledged its obligation to eventually answer the interrogatory and said the issue is just one of timing. The Court asked if Finjan could provide a reasonably complete answer within 30 days, and Finjan said yes. The Court also discussed the fact that Finjan will be able to amend that answer through the close of fact discovery if it obtains additional information or performs additional analysis because an interrogatory response – unlike infringement contentions, *see* Patent Local Rule 3-6 – does not require good cause or leave of court to amend. Bitdefender wants the interrogatory response next week, which is understandable given the upcoming depositions, but the Court finds that would be an unreasonably short deadline to impose on Finjan.

Accordingly, the Court **ORDERS** Finjan to answer Interrogatory No. 5 within 30 days.

**IT IS SO ORDERED.**

Dated: May 21, 2019

THOMAS S. HIXSON
United States Magistrate Judge