UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br>　　　　　Plaintiff,<br>　　v.<br>BITDEFENDER INC., et al.,<br>　　　　　Defendants. | Case No. 17-cv-04790-HSG (TSH)<br><br>**ORDER DENYING MOTION TO STRIKE**<br>Re: Dkt. No. 116 |

The Court held a telephonic hearing this morning on the parties' joint discovery letter brief at ECF No. 116, and this order follows. The issue in dispute is that Finjan's answer to interrogatory No. 2 includes information that Bitdefender says is covered by an NDA. *See* ECF No. 118, Ex. A (the NDA). The parties entered into the NDA on April 7, 2017. At a high level, the purpose of the NDA was to let the parties exchange confidential information as part of a negotiation over a potential licensing deal. Paragraph 3(ii) says that any confidential information disclosed pursuant to the NDA won't be used by the disclosing party "as evidence in any legal action . . . to prove . . . an accusation of infringement of any intellectual property rights for any purpose . . ." Finjan apparently provided its infringement analysis of Bitdefender's products under the NDA. Now, in response to interrogatory No. 2 – which asks Finjan to identify all communications that it contends constitute actual notice to Bitdefender of infringement – Finjan is listing some of those communications. Bitdefender moves to strike those communications from the interrogatory response, saying that's a violation of the NDA.

Maybe it is. But the real question is whether Bitdefender is asking for the right remedy. If Finjan is in breach of the NDA, Bitdefender can sue it for breach of contract. There is also authority for the proposition that an NDA like this can make those communications inadmissible,

whether at summary judgment or at trial. *See ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*, 2015 WL 8293585, at *3 (E.D. Tex. Dec. 8, 2015); *Apple, Inc. v. Motorola Mobility, Inc.*, 2012 WL 5416941, at *6 (W.D. Wis. Oct. 29, 2012); *Osteotech, Inc. v. Regeneration Techs., Inc.*, 2008 WL 4449564, at *3-5 (D.N.J. Sept. 25, 2008). But what is the problem with including them in a response to an interrogatory that asks Finjan to state what it contends? This is what Finjan contends. The Court reviews interrogatory responses to see if they answer the question, not to determine if the answer is legally viable. That's what a summary judgment motion is for.[1]

Bitdefender's motion to strike portions of Finjan's response to interrogatory No. 2 is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 6, 2019

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] At oral argument, Bitdefender argued that Finjan's response to the interrogatory is also incomplete. However, that issue was not teed up by the letter brief and is not before the Court.

2