UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>BITDEFENDER INC., et al.,<br><br>        Defendants. | Case No. 17-cv-04790-HSG (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 137, 138, 139, 144, 145 |

      The Court held a telephonic hearing today concerning ECF Nos. 137, 138, 139 and 145. Despite the number of filings, there are only two issues in dispute. First, Finjan served 211 requests for admission ("RFAs") on June 12, 2019, the last day to do so before the July 12, 2019 fact discovery cutoff. Bitdefender objects, saying that Finjan had previously proposed that each side may serve up to 50 RFAs, whereas Bitdefender had proposed that each side may serve up to 20. *See* ECF No. 102, page 7. Bitdefender also says that answering the RFAs would be burdensome.

      The Court rejects Bitdefender's arguments. The Federal Rules of Civil Procedure do not impose a limit on the numbers of RFAs. Of course, RFAs, like any form of discovery, must be proportional and the Court can limit them if they are unduly burdensome – but there isn't an a priori number that is the limit, unlike with depositions and interrogatories. Here, the parties had competing proposals, but they never reached an agreement. Finjan would have been bound by its proposed limit of 50 if Bitdefender had accepted it. Indeed, one strategic advantage to accepting an opponent's proposal that you don't like is to stop them from doing something worse. Here, however, Bitdefender rejected Finjan's proposed limit of 50, and Finjan rejected Bitdefender's proposed limit of 20, so the parties were back to the default under Rule 30, which is that there is no particular limit.

      The Court has reviewed the RFAs themselves, and they are reasonable and proportional. They mostly just ask if Bitdefender does or has done relevant things in the United States. Despite

Bitdefender's arguments, the Court does not agree these RFAs are burdensome. At the hearing, Bitdefender requested 21 days to answer the RFAs. Finjan stated that timing was acceptable. Accordingly, the Court **ORDERS** Bitdefender to answer the RFAs by August 16, 2019.

The other issue is whether Finjan has complied with the Court's order to provide pinpoint source code citations in response to Bitdefender's interrogatory No. 5. *See* ECF No. 114. This issue became clearer at the hearing, when it became evident that both sides agree what the solution is. Right now, Finjan's response to interrogatory 5 contains pinpoint citations to the code that it claims infringes each element. But then at the end of the discussion of each element, Finjan states that it "will also rely on the following source code to prove that" the accused products discussed "meet this limitation," and what follows is a block citation to several thousand lines of code, sometimes including entire files. At the hearing, Finjan explained that the pinpoint citations that precede the block cite show the code that infringes that limitation and that the block cite is to other code that is called by the infringing code in order for the software to operate. The Court understands that as a functional matter, you can't operate just the infringing code – it won't work, and therefore in a technical sense won't "infringe," unless it is used with other code to make it operable. However, the way Finjan's interrogatory response is drafted leaves Finjan open to later contend that somewhere in the block cites is additional infringing code. The Court **ORDERS** Finjan to amend its response to interrogatory No. 5 to remove this problem. Specifically, before each block cite Finjan must explain that the preceding pinpoint citations are the code Finjan relies on to show infringement of that limitation, and the block cite that follows is merely other code that is needed to make the infringing code for that limitation operate. In other words, Finjan must clarify that it is relying only on the pinpoint citations as identifying the infringing code for each limitation.

Finally, the motion to seal at ECF No. 144 is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 26, 2019

_____
THOMAS S. HIXSON
United States Magistrate Judge

2