UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

    Plaintiff,

v.

BITDEFENDER INC., et al.,

    Defendants.

Case No. 17-cv-04790-HSG (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 156

The parties filed a joint discovery letter brief at ECF No. 156. It raised two issues: Finjan's request for supplemental financial information for the accused products, and Bitdefender's request to strike Finjan's supplemental response to Bitdefender's interrogatory No. 5. The Court held a telephonic hearing today, and now issues the following order.

**A.    Financial Information**

Finjan's interrogatory No. 4 asked Bitdefender to:

> Describe in detail the revenue, sales, billings, pricing, costs, gross profits, net profits, and market share of each of the Accused Instrumentalities from the year 2012 to the present generated (a) in the United States and separately, (b) worldwide, including but not limited to identifying on a monthly, quarterly, and annual basis the gross and net revenues and gross and net profits generated by each of the Accused Instrumentalities, as well as the costs and expenses incurred by You in generating such revenue and profits.

Bitdefender originally responded to this interrogatory on March 5, 2018, stating that "Pursuant to Fed. R. Civ. P. 33(d), Bitdefender will identify documents from which information sought in this interrogatory can be obtained by Finjan when they are produced pursuant to the Local Patent Rules." Bitdefender served a supplemental response on April 25, 2019, identifying by Bates number documents that contained the requested information "for the period between

February 2015 and February 2018." Bitdefender also stated that it "will identify additional documents from which information sought in this interrogatory can be obtained by Finjan – particularly for periods after those covered by already-produced documents – when Bitdefender produces them."

Bitdefender again supplemented its response to this interrogatory on July 12, 2019, the last day of fact discovery. This response cited documents that provided profit-and-loss statements and product-by-product billings through March 2019, that is, the first quarter of this year.

Finjan now seeks an order compelling Bitdefender to supplement its response to interrogatory No. 4 with financial information through Q2 of this year. (Finjan also seeks a similar order with respect to Requests for Production ("RFPs") Nos. 26-28, 53, and 60-62. However, the Court does not have the text of the RFPs in front of it and is therefore unable to ascertain what they asked for.)

Federal Rule of Civil Procedure 26(e) states that "[a] party . . . who has responded to an interrogatory . . . . must supplement . . . its . . . response . . . in a timely manner if the party learns that in some material respect the . . . response is incomplete . . . and if the additional . . . information has not otherwise been made known to the other parties during the discovery process or in writing . . ." The Advisory Committee Notes to the 1993 Amendments suggest that the obligation to supplement under Rule 26(e) does not end with the fact discovery cutoff:

> Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, *and with special promptness as the trial date approaches*. It may be useful for the scheduling order to specify the time or times when supplementations should be made. (emphasis added)

Case law confirms that the fact discovery cutoff does not terminate the obligation to supplement. *See Woods v. Google, Inc.*, 2014 WL 1321007, at \*4 (N.D. Cal. Mar. 28, 2014) ("The Court can definitively state that the Rule 26(e) duty to supplement or correct incomplete or incorrect responses does, in fact, extend beyond the discovery cutoff date."); *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 933 (N.D. Cal. 2013) ("Federal Rule of Civil Procedure 26(e) places litigants under an affirmative duty to supplement non-deposition discovery responses,

1    even after the discovery cut-off date.").

2    Bitdefender does not dispute that the obligation to supplement exists after the fact
discovery cutoff. Rather, with respect to interrogatory No. 4, Bitdefender argues that its Q2 2019
financial information simply isn't responsive. After all, Finjan served this interrogatory in
February 2018, and it asked for certain financial information "from the year 2012 *to the present*."
Had Bitdefender stood its ground during discovery, it would have had a good argument that this
was a request for information just through February 2018. *See Hnot v. Willis Grp. Holdings Ltd.*,
2006 WL 2381869, at *2 n.4 (S.D.N.Y. Aug. 17, 2006) ("Contrary to what plaintiffs seem to
assume, a statement referring to 'the present' generally does not refer to any moment in time
beyond when the statement was made. . . . The same logic applies to discovery requests; thus, a
discovery request dated January 16, 2002, for documents extending 'to the present' only requires
production of documents in existence on or before January 16, 2002."); *In re High Fructose Corn
Syrup Antitrust Litig.*, 2000 WL 33180835, at *3 (C.D. Ill. July 19, 2000) ("[T]he July 15, 1997,
discovery request was for information 'to present,' i.e., through July 15, 1997 . . . ."). Of course,
had Bitdefender taken that line, Finjan would likely have amended its interrogatory or served
another discovery request that more clearly sought financial information for the future.

But Bitdefender didn't do that. Its April 25, 2019 supplemental response contained
citations to documents with financial information through February 2018, but then stated that it
"will identify additional documents from which information sought in this interrogatory can be
obtained by Finjan – particularly *for periods after those covered by already-produced documents* –
when Bitdefender produces them." (emphasis added). Consistent with its April 25 response,
Bitdefender's second supplemental response on July 12 contained citations to documents with
financial information through March 2019.

Bitdefender's April 25 and July 12 responses are a waiver of the argument that Bitdefender
need not produce information in response to interrogatory No. 4 for periods of time after February
2018. For Bitdefender to claw back that waiver now (after fact discovery has closed) would be
prejudicial to Finjan because it is now too late for Finjan to propound other discovery requests
aimed at financial information from after February 2018. Accordingly, the Court will hold

3

1 Bitdefender to this waiver. Further, Bitdefender makes no argument about burden concerning the
2 supplementation of its response to interrogatory No. 4, so there is no prejudice to Bitdefender in
3 holding it to this waiver.

4 Finjan requests that Bitdefender be ordered to supplement its response to interrogatory No.
5 4 with Q2 information no later than August 12, 2019, so that Finjan's experts may include this
6 information in their opening expert reports that are due on August 22, 2019. The Court discussed
7 this request with the parties during the telephonic hearing, and Bitdefender stated that it could
8 comply with this deadline. Accordingly, the Court **ORDERS** Bitdefender to update its response
9 to interrogatory No. 4 with 2019 Q2 information by August 12, 2019.

### B. New Source Code Pincites

Bitdefender moves to strike new pinpoint citations to source code that Finjan added to its response to Bitdefender's interrogatory No. 5 on August 1, 2019. The parties trade accusations about whether Finjan's addition was proper or whether it was untimely. However, the Court declines to resolve that question because, as with Bitdefender's previous request to have the undersigned strike information from a Finjan interrogatory response, "the real question is whether Bitdefender is asking for the right remedy." ECF No. 121.

Bitdefender is of course right that "parties may not use their obligation to supplement as an excuse to violate the clear terms of a Scheduling Order, unilaterally buying themselves additional time to make disclosures, thereby unduly prejudicing other parties and potentially delaying the progress of a case." *Abbott Labs. v. Lupin Ltd.*, 2011 WL 1897322, at *3 (D. Del. May 19, 2011). But whether Finjan has done that is not really a discovery dispute or an issue concerning the adequacy of a discovery response. *See* ECF No. 42 (referring "discovery disputes and issues" to a Magistrate Judge); *see also* ECF No. 121 ("The Court reviews interrogatory responses to see if they answer the question, not to determine if the answer is legally viable. That's what a summary judgment motion is for."). Whether Finjan has prejudicially delayed adding these pinpoint citations to its interrogatory response is relevant to a motion to exclude evidence under Rule 37 (the issue the Court considered in *Abbott*), which could affect what evidence an expert is entitled to rely on or that is admissible on summary judgment or at trial – questions for the District Judge

that have not been referred to the undersigned. But it's not relevant to whether Finjan has answered the interrogatory, since the newly added information is plainly responsive. Accordingly, the Court **DENIES** Bitdefender's motion to strike.

**IT IS SO ORDERED.**

Dated: August 6, 2019

THOMAS S. HIXSON
United States Magistrate Judge