UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br> Plaintiff, <br> v. <br> BITDEFENDER INC., et al., <br> Defendants. | Case No. 17-cv-04790-HSG (TSH) <br><br> **DISCOVERY ORDER** |

The Court held two telephonic hearings today concerning the deposition of Finjan's expert Professor Medvidovic. The parties had originally agreed for Bitdefender to depose him on October 10, 2019, but Bitdefender had to cancel that deposition the evening before because the attorney planning to take it had a family emergency. Bitdefender now wants to reschedule that deposition for a date after expert discovery (which closes tomorrow), but Finjan refuses to reschedule the deposition unless Bitdefender agrees to reimburse it for the out of pocket expenses it incurred for the canceled deposition. During the telephonic hearings, Bitdefender asked the Court to order that Medvidovic's deposition take place tomorrow. Neither side actually wanted that outcome, though. Medvidovic has travel plans with his family, and tomorrow isn't all that convenient for Bitdefender either. It seems like Bitdefender wants such an order not in spite of the difficulty it would impose on the witness to comply, but because of that difficulty, which would force Finjan to try to negotiate some other date – the relief Bitdefender really wants. However, on the merits, the Court is not willing to order this witness to cancel his travel plans on a few hours' notice for a discovery dispute that was brought to the Court's attention the day before expert discovery closes. Further, the fact that expert discovery closes tomorrow doesn't mean that the undersigned's only option is to order the deposition to take place tomorrow and that anything else

requires Judge Gilliam to modify the case schedule. Judge Gilliam referred "all . . . discovery disputes and issues" to a magistrate judge for resolution. ECF No. 42. A common discovery dispute is a motion to compel, and under Civil Local Rule 37-3, motions to compel can be brought up to seven days after the close of discovery. This local rule necessarily contemplates that if a party unreasonably refuses to make a witness available during discovery, a magistrate judge to whom discovery has been referred may issue an order after the close of discovery requiring that deposition to take place. Accordingly, the Court **ORDERS** the parties to meet and confer concerning the rescheduling of Medvidovic's deposition. If they cannot reach an agreement, the parties shall file a joint discovery letter brief no later than October 24, 2019 concerning this issue. *See* Civil Local Rule 37-3.

In the meantime, the Court will resolve the reimbursement issue that seems to be the primary hang up between the parties. The Court **ORDERS** the parties to file a joint discovery letter brief, not to exceed five pages, by the end of the day tomorrow concerning Finjan's request to be reimbursed for its out of pocket expenses for the canceled deposition.

**IT IS SO ORDERED.**

Dated: October 16, 2019

THOMAS S. HIXSON
United States Magistrate Judge

2