UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br>     Plaintiff, <br> v. <br> BITDEFENDER INC., et al., <br>     Defendants. | Case No. 17-cv-04790-HSG (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. Nos. 172, 173 |

    Finjan and Bitdefender have filed a joint discovery letter brief concerning Finjan's request for the reimbursement of certain deposition-related expenses. ECF No. 173.[1]

    By way of background, in an exchange of emails on September 9 and 10, 2019, the parties agreed that Bitdefender would depose Finjan's expert Dr. Medvidovic on October 10. At 9:21 p.m. on October 9, Bitdefender notified Finjan it could not proceed with the deposition the following day because the attorney scheduled to take it had a family emergency. Bitdefender now seeks to reschedule the deposition, but Finjan won't agree unless Bitdefender pays its expenses for the canceled deposition. Those expenses are $5,850 in attorney's fees for travel time to and from Los Angeles, $333.60 for the plane ticket and change fee, $108 for parking at the airport, $568.46 for two nights at a hotel, and $12.69 for cab fare, for a total of $6,872.75. The Court ordered the parties to meet and confer about rescheduling the deposition and in the meantime directed them to file this joint letter brief so the Court could resolve the issue of reimbursement. ECF No. 171.

    The rule that applies when you don't show up for a deposition you noticed is Federal Rule of Civil Procedure 30(g)(1), which states that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition . . ." It's true that the rule speaks in terms of "attend[ing]" a deposition, and no one did that here because it

---

[1] Finjan filed its half of the joint letter brief at ECF No. 172. Bitdefender then combined the two halves and filed the joint letter brief at ECF No. 173

1  was canceled the day before, but courts also apply this rule to last-minute cancelations. *See Albee
2  v. Cont'l Tire N. Am., Inc.*, 780 F. Supp. 2d 1005, 1012 (E.D. Cal. 2011) (awarding reasonable
3  costs, including attorney's fees, when noticing party canceled a deposition at 6:21 p.m. the night
4  before).

Still, a fact of life is that people have emergencies, and so the reason for the cancelation matters. In *Luna Gaming-San Diego LLC v. Dorsey & Whitley, LLP*, 2009 WL 196325 (S.D. Cal. Jan. 27, 2009), plaintiff's counsel became ill the day before he was scheduled to depose the defendant. The deposition therefore had to be rescheduled, and the defendant asked to be reimbursed his attorney's fees under Rule 30(g)(1) because of this. The Court denied the request, finding that plaintiff's counsel notified the defendant as soon as he discovered he would be unable to proceed with the deposition, becoming suddenly ill was outside his control, and there was no bad faith or dilatory conduct by plaintiff's counsel. *Id.* at *3. Likewise, in the analogous situation of Rule 30(g)(2) where a deposition does not proceed because the noticing party failed to subpoena the witness, if the real reason for the last-minute cancelation was sudden illness, an award of costs is not appropriate. *See Moore v. Yellow Freight System, Inc.*, 131 F.R.D. 196, 197 (D. Kan. 1990).

Here, Finjan doesn't call into question that there actually was a family emergency and that it actually did arise the day before the deposition. And it cites no legal authority for its argument that it deserves fees and costs. In fact, Finjan cites no law at all and does not even refer to Rule 30(g)(1) or any other rule. Under the circumstances, the Court finds that Bitdefender's last-minute cancelation was justified and does not warrant the award of fees or costs. While Finjan might be frustrated that it is out nearly $7,000 for the canceled deposition, "many parties have to travel for depositions and it should be accepted as part of the costs of litigation." *Luna Gaming*, 2009 WL 196325 at *3. Finjan's request for the award of fees and costs is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: October 21, 2019

THOMAS S. HIXSON
United States Magistrate Judge

2