UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BITDEFENDER INC., et al.,<br><br>    Defendants. | Case No. 17-cv-04790-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND DENYING DEFENDANT'S MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 126, 127, 133 |

On August 16, 2017, Plaintiff Finjan, Inc. ("Finjan") filed its complaint against Defendants Bitdefender Inc., and Bitdefender S.R.L. (collectively, "Bitdefender"). Dkt. No. 1. Bitdefender filed its answer and counterclaims on November 22, 2017. Dkt. No. 25. Bitdefender filed a first amended answer on May 8, 2018. Dkt. Nos. 78, 79. Finjan filed its answer to Bitdefender's counterclaims on May 22, 2018. Dkt. Nos. 82, 83. On June 8, 2019, Bitdefender filed this motion for leave to file an amended answer, to include a counterclaim for breach of contract. Dkt. No. 127 ("Mot."). Finjan filed its opposition to this motion on July 2, 2019, Dkt. No. 132 ("Opp."), and Bitdefender filed its reply on July 9, 2019, Dkt. No. 134 ("Reply"). Bitdefender also filed two motions to seal portions of its briefs and accompanying exhibits. Dkt. Nos. 126, 133.

**I. LEGAL STANDARD**

**A. Amendment of Pleadings**

Generally, under Rule 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards control."

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16 provides that the Court

> must issue a scheduling order [that] limit[s] the time to join other parties, *amend the pleadings*, complete discovery, and file motions
> . . . .
> A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b). The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

If the Court finds that the good cause requirement of Rule 16 is met, the moving party "must then demonstrate that the motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, No. 14-cv-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015). The five factors relevant to determining proper amendment under Rule 15 are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same factors). The Court weighs prejudice to the opposing party most heavily. *See Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

### B. File Under Seal

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations

omitted).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotation omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. ANALYSIS

### A. Motion to Amend Answer

Bitdefender argues that Rule 16's "good cause" standard does not apply because the Court's scheduling order stipulated only a deadline for amending pleadings without leave of court, and here it seeks such leave. Reply at 6. However, it is the Federal Rules of Civil Procedure that guide the "good cause" standard, not the Court's order. Still, the Court must look to the diligence of the moving party in determining whether the good cause standard under Rule 16(b) has been met, and Bitdefender meets the standard in this case. Finjan disclosed the alleged confidential information on April 5, 2019, Dkt. No. 128-3 at 20, well past the February 20, 2018 deadline to amend pleadings, Dkt. No. 27. Bitdefender then reached out to Finjan to remove the language. After Finjan refused, on May 29, 2019, Bitdefender filed a discovery motion before Magistrate Judge Hixson. *See* Dkt. No. 116. Judge Hixson denied Bitdefender's motion on June 6, 2019. Dkt. No. 121. Bitdefender promptly filed the instant motion on June 8, 2019. This adequately demonstrates diligence.

Finding that Bitdefender has demonstrated good cause as required under Rule 16(b), the Court must determine whether the *Foman* factors support amendment of counterclaims in this case. The Court finds that they do not.

#### i. Prejudice to Non-Moving Party

Bitdefender's proposed counterclaim presents an entirely new legal theory wholly

3

unrelated to the underlying patent infringement claims and counterclaims at issue in this case. Fact discovery closed on July 12, 2019. Dkt. No. 106. Expert discovery closed on October 17, 2019. Dkt. No. 165. Indeed, summary judgment motions were due on November 7, 2019. *Id.* Prejudice results when "additional discovery would have to be undertaken" because the amended pleading presents a "different legal theor[y which] require[s] proof of different facts." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Finjan properly contends that it will be unduly prejudiced by having to reopen and take discovery on an entirely new theory at such a late stage in the litigation. *See id.* (citing *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting [Plaintiff] through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (internal quotations and citations omitted)).

Furthermore, the Court rejects Bitdefender's argument that that adding this claim serves the interest of judicial economy. Instead, adding an entirely unrelated claim at such a late stage only disrupts the Court's schedule. *See* Fed. R. Civ. P. 1 ("[The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Although the *Foman* factor looks at prejudice to the opposing party, Bitdefender's request to amend pleadings on the eve of dispositive motions prejudices the progress of the case as well.

### ii. Undue Delay

The Court also finds that the factor of undue delay weighs against amendment. This case has been pending for over two years, and Bitdefender now seeks to inject a new claim after the close of discovery for no substantial reason.[1] As Plaintiff notes, Bitdefender will still have several opportunities to challenge the use of the allegedly protected material: at the summary judgment stage or via a motion *in limine*. Bitdefender can also bring a separate breach of contract suit, if it cares enough about this issue. But the Court will not allow Bitdefender to delay resolution of this

---

[1] Although Bitdefender seeks actual damages in their amended pleadings, *see* Reply at 6, the primary relief at issue is injunctive relief that prevents Plaintiff from using the allegedly confidential materials. As noted above, such relief can be sought through other means that do not delay resolution of this case.

4

1  case by derailing the schedule for the underlying patent infringement suit by adding an unrelated
2  claim.

Because the proposed cause of action is completely unrelated to the long-standing patent infringement claims at issue, would prejudice the non-moving party, and would have the inevitable effect of further delaying the resolution of the case, the Court **DENIES** Bitdefender's motion for leave to amend.

### B. Motions to File Under Seal

Bitdefender filed two administrative motions to file under seal excerpts of its briefs on its motion for leave to amend counterclaims and portions of declarations and exhibits in support of its briefs. *See* Dkt. Nos. 126, 133. Bitdefender seeks to seal several transcripts and the power point presentation at issue in its proposed counterclaim, proffering that the redacted material "contains information designated as confidential by Finjan." Dkt. Nos. 126, 133.

The Court finds that this cursory justification does not adequately plead a "particularized showing" of "specific prejudice or harm." *See Phillips*, 307 F.3d at 1210–11; *see also* Fed. R. Civ. P. 26(c). Bitdefender has not provided any authority establishing that the designated material is so sensitive, proprietary, or confidential that disclosure of such information would lead to a specific prejudice or harm. Bitdefender's representation that "there exists good cause and compelling reasons to file the . . . documents under seal," does not make it so. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). In addition, the designating party (Finjan) failed to file a declaration in support of sealing the portions sought to be redacted, and therefore did not comply with Civil Local Rule 79-5(e). See Civ. L.R. 79-5(e)(1).

The Court therefore **DENIES** Bitdefender's motions to seal.

### III. CONCLUSION

Finding that the *Foman* factors weigh against amendment, the Court **DENIES**

5

Bitdefender's motion for leave to amend counterclaims.  Because Bitdefender failed to make the required particularized showing that specific prejudice or harm will result from public disclosure of the documents and Finjan failed to file a supporting declaration, the Court also **DENIES** the administrative motions to file under seal.  Pursuant to Civil Local Rule 79-5(f), Bitdefender may file unredacted versions of the briefs and their attachments within seven (7) days of an order denying the administrative motion to file under seal.  Alternatively, Finjan may file a declaration in support of sealing the portions sought to be redacted, in order to comply with Civil Local Rule 79-5(e), within seven (7) days.  The declaration should thoroughly articulate the specific basis for each proposed redaction, including citations to caselaw establishing that such information is sealable.

**IT IS SO ORDERED.**

Dated:  November 8, 2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge