# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ESET, LLC, a California Limited Liability and ESET SPOL. S.R.O., a Slovak Republic Corporation,<br><br>Defendants. | Case No.: 3:17-cv-0183-CAB-(BGS)<br><br>**ORDER ON FINJAN'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 707]** |

On October 16, 2019, the Court entered an order granting Eset's motions to exclude the opinions of two Finjan experts, Dr. Ricardo Valerdi and Dr. Eric Cole, under Federal Rule of Evidence 403. [Doc. No. 699.] Finjan now moves for reconsideration of that order pursuant to CivLR 7.1(i),[1] which is not proper authority for reconsideration in this circumstance. The motion is therefore considered pursuant to Fed.R.Civ.P. 60(b)(6),

---

[1] This local rule is inapplicable to this motion as it contemplates a party resubmitting a request for relief to a judge other than the judge who initially denied the request. Further, it requires that the application for relief include an affidavit from a party or witness, or a certified statement of an attorney, setting forth new or different facts and circumstances that the party claims exist which did not exist or were not shown upon such prior application. No new or different facts are asserted in this motion.

1

on the grounds stated by Finjan, that the Court misapprehended the experts' opinions. [Doc. No. 707.] The motion for reconsideration is denied.

Reconsideration of a prior order is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J Multnomah Cty. V. ACandsS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Whether to grant a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris,* 331 F.3d 1041, 1046 (9th Cir. 2003).

In the motion for reconsideration, Finjan contends that the Court did not understand that Dr. Valerdi's opinion is an estimate of the cost "to build a version of the software that would satisfy the requirements for Eset's software and that would be a proxy for determining the cost to build a non-infringing alternative." [Doc. No. 707, at 4.] Dr. Valerdi's report however states he was tasked with providing an opinion as to the costs of developing the accused technologies. [Doc. No. 491-1 (sealed) at 4.] Dr. Valerdi's opinion does not provide the costs of a non-infringing alternative. Finjan has not shown how Dr. Valerdi's hypothetical system meeting "Eset's requirements" would not be subject to claims of infringement. Dr. Valerdi stated in his report, "I have been asked to determine the cost of developing the following accused technologies …" [Id.]

The Court did not misapprehend Dr. Valerdi's opinion – he estimates the cost of developing the accused infringing system. The Court determined that this hypothetical exercise would be misleading and confusing to the jury and the artificial number generated by Dr. Valerdi's hypothetical reconstruction of the defendant's systems would be unduly prejudicial and excluded it pursuant to FRE 403. Finjan has not demonstrated that the exclusion was clearly erroneous.

Finjan also requests the exclusion of Dr. Cole's opinion regarding the cost to implement a system of manually processing each individual file, a "known non-infringing technique" versus utilizing the accused technology. [Doc. No. 707, at 6.] Finjan argues that Eset would have considered human analysis as an alternative non-infringing technique,

while at the same time acknowledging that human analysis would not be a viable option. A proposed alternative that is neither economically feasible or commercially acceptable is not a viable alternative to infringement. The Court concluded that introduction of the costs of processing the files in a manner no expert considered a viable alternative to the patented technology would serve no useful purpose other than to introduce an artificial and prejudicial damages figure. Finjan has presented nothing to merit reconsideration of the Court's determination that such evidence is excluded pursuant to FRE 403.

Accordingly, the motion is **DENIED**.

Dated: December 23, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge