UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br>　　　　　Plaintiff,<br>　　v.<br>BITDEFENDER INC., et al.,<br>　　　　　Defendants. | Case No. 17-cv-04790-HSG<br>**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br>Re: Dkt. Nos. 191, 196 |

Pending before the Court are the parties' administrative motions to file under seal documents in connection with Bitdefender's motion for summary judgment, *Daubert* motion, and motion to strike. Dkt. Nos. 191, 196. For the reasons articulated below, the Court **GRANTS** the administrative motions to seal.

### I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Because the parties seek to seal portions and documents which pertain to Bitdefender's motion for summary judgment, the Court applies the compelling reasons standard. The Court will apply the lower good cause standard for documents related to the motion to strike and *Daubert* motion.

The parties seek to seal documents which reference Bitdefender's confidential product

2

1 information, including citations to highly sensitive source code, Bitdefender's financial and sales
2 information, and Finjan's confidential business information. Dkt. Nos. 191, 196. Bitdefender
3 submitted its Rule 79-5 supporting declarations establishing that the unredacted information
4 contains sensitive and proprietary information, and that disclosure of the information would cause
5 irreparable harm to Bitdefender and possibly its clients. Dkt. No. 196-1 at ¶¶ 5–7; Dkt. No. 195 at
6 ¶¶ 2–3. Finjan also submitted its supporting declaration, representing that the information
7 included confidential terms of its business practices and licenses, and the identity of third parties it
8 was obligated to keep confidential under the terms of the agreements. Dkt. No. 191-1 at ¶ 6.

The Court did not rely on any of the documents that are the subject of the parties' administrative motions to seal, given that the parties filed a joint stipulation of dismissal with prejudice before the hearing on Bitdefender's motions. Dkt. No. 204. Thus, these documents are unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of these documents is minimal given that the Court will not rule on Bitdefender's motions. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification."). Accordingly, because the documents divulge proprietary and confidential information unrelated to the public's understanding of the judicial proceedings in this action, the Court finds that there is compelling reason and good cause to file the documents under seal. *See Economus v. City & Cty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding compelling reason to seal because the sealing request divulges sensitive information no longer related to the case); *In re iPhone*, 2013 WL 12335013 (same); *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of personal information and irrelevance to the matter are compelling reasons to seal the exhibit).

**III. CONCLUSION**

The Court **GRANTS** the parties' administrative motions to file under seal. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 2/20/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge